Van Wyck agt. Hardy.

# COURT OF APPEALS.

WILLIAM VAN WYCK and WIFE, respondents, agt. RICHARD B. HARDY and others, THOMAS HITCHCOCK, petitioner, appellant.

The court below have power and authority, under the Code, to correct the omission of *names* of parties in a summons, issued in an action for partition; and to add a *verification* by an infant defendant himself, of his petition for the appointment of a guardian *ad litem*, for him, instead of that made by the plaintiff's attorney. But if such power did not exist these defects are not such as to invalidate the judgment.

It is not required, by the Code, that the summons in an action in partition, be filed with the complaint and it must be assumed, in the absence of proof to the contrary that the summons served on the parties, whether personally or by publication, contained the *names of all the parties*, and that such summons or a copy thereof was filed with the judgment. It was not necessary to file it before. (§ 281.)

Nor is it necessary that a *petition* for the appointment of a guardian *ad litem* for an infant over fourteen years, should be *verified* by the infant himself *or at all*. It is sufficient that it satisfactorily appears to be his act.

The omission of the words "in the said city of New York," after "number 13 Chambers street," in the *copy summons* published, designating the place of the service of a copy of the answer, is not a valid objection, where the summons was dated at *New York*. The date is a part of the summons.

It is sufficient that the copy summons published is *substantially* a correct copy of the original. A literal and exact copy in every respect is not requisite. The omission of unnecessary words, cannot vitiate the proceedings.

Where there are twenty defendants or more, on whom service of summons by publication is to be made, a delay of *four days* between the making of the order and the deposit of the summons and complaint in the post office, is not unreasonable or sufficient to charge the plaintiff's attorney with *delay*.

Where the action is brought for the partition of real estate, in this state, in which some of the defendants are absent, but have an actual interest and to which they are proper parties, the Code does not require it to be shown that these defendants are *non-residents*. It is only necessary that it should "appear by affidavit to the satisfaction of the court or judge, they could not, after due diligence, be found within this state."

Where the affidavit states that the defendants reside in another state, as the deponent is informed and believes, and that "after due and diligent search and inquiry by this deponent, the said defendants named in the body of the affidavit cannot be found in the state of New York, as he is informed and verily believes," these allegations tend to show the fact required to be shown.

Van Wyck agt. Hardy.

.t is true they are only stated on *information and belief*, but the statement that the defendants cannot be found within this state, is so made after *due and diligent inquiry* made by him. Such inquiries must necessarily be made of others, and the only evidence that can be produced to the court, must from the nature of the case, be based on information derived on such inquiries.

In such case the affidavit must be deemed sufficient, as it affords some evidence to show that the defendants could not be found within this state, and as in the language of the Code " that fact appeared by affidavit to the satisfaction of the court," and was sufficient to confer jurisdiction to make the order, and on appeal this court is not authorized to question the sufficiency of such affidavit.

It would unquestionably have afforded more satisfactory proof of those facts, if it had been shown what measures had been taken, and what acts of diligence had been used, and particularly what inquiries had been made, and of whom, and the means of knowledge possessed by such persons, in relation to the residence of those defendants, and of the practicability of a personal service on them in this state; so that the court or judge might be able to determine whether in fact due diligence had been used; and it may be conceded that no order *ought to be made without proof oj that character*; although it cannot be said that such specification is absolutely necessary, or that the affidavit in this case is of no legal effect. (*Affirming S. C.*, 20 *How.*, 222.)

*September term*, 1861.

THIS was an action brought for the partition of a lot of land in the city of New York, which resulted in a judgment for the sale of the premises, and the appellant, Thomas Hitchcock, became a purchaser of a portion thereof at the sale.

On an examination of the title by counsel, and by his advice the purchaser refused to consummate the purchase, on the ground of defects alleged to exist in the proceedings, and subsequently made an application to the court to be released therefrom.

On that application it was shown that on the 18th of October, 1859, an order was made for the service of the summons by publication, on some of the defendants, in which it was stated that it appeared to the court by the affidavit of William Van Wyck one of the plaintiffs, that such defendants were non-residents of this state, and could not be served with said summons in this state, and that they resided in the states of South Carolina, Texas, Alabama and Tennessee. The order directed such publication in the New York *Evening Post* and the New York *Times*, once each

week for the period of eight successive weeks, and also ordered that a copy of such summons and a copy of the complaint filed in the action forthwith be deposited in the post office, for each of the said non-resident defendants and directed to each of them at their respective places of residence, except in the case of the defendant, Milton Rowley, whose place of residence it was stated was not known to the plaintiffs, and could not with reasonable diligence be ascertained by them.

Mr. Van Wyck in the affidavit on which this order was founded, after stating as a fact within his own knowledge, that certain of the defendants resided at Greenville district, near Greenville Court House, in the state of South Carolina, deposed "that the defendant, Thomas J. Turpin, resides at or near Greenville Court House aforesaid, as deponent is informed and believes, (that as deponent is informed and believes) said defendant Drusilla L. E. Dillard resides in Union District, in said state of South Carolina, at or near Union Court House, that said defendants Samuel Augustus Maverick and Mary, his wife, reside at San Antonio, in Bexar county in the state of Texas," and he then, after stating that others of the defendants resided in Alabama and Tennessee, and showing what inquiries he had made to ascertain the residence of the said Milton Rowley, further said "that after due and diligent search and inquiry by the defendant, the said defendants named in the body of the affidavit cannot be found in the state of New York, as he is informed and verily believes." The defendants Thomas J. Turpin and Drusilla L. E. Dillard are included among those defendants.

It was also shown that on the 22d of October, 1859, (being four days after the making of the said order,) a copy of said summons and complaint were inclosed in an envelop for each of the non-resident defendants, to whom they were directed to be sent, and one of the said envelopes containing such summons and copy of complaint, was addressed and

directed to each of those defendants at his or her respective place of residence, and the postage on each was paid. No other deposit or proof of deposit was made. The summons directed to be published stated that the complaint in the action was filed in the office of the clerk of the city and county of New York, at the City Hall in the city of New York, and required the defendants to serve their answer thereto on the plaintiff's attorney, at his office, number 13 Chambers street, in said city of New York. In the summons published in the *Evening Post*, the words " in said city of New York," are omitted after the words " number 13 Chambers street," but it is dated New York, October 14, 1859.

It also appears that the defendant Samuel M. Thompson, at the time of the commencement of the action, an infant over 14 years of age, was still an infant at the time of the sale and of the application of the purchaser to be discharged therefrom. The petition for the appointment of a guardian *ad litem* for him was signed Sam. M. Thompson. It was not verified by him or his guardian or next friend, but annexed to the petition was a letter and an affidavit of the plaintiff's attorney, both of which were read on the motion. This letter is dated Chapel Hill, and it acknowledged the receipt of the petition, excused his delay in returning it on account of the absence of a judge before whom it could be signed, stated that his guardian had advised him to sign it, and concluded by saying that he had returned it with his own signature only. The affidavit was made by the plaintiff's attorney, who stated he, the said Thompson, resided at Florence, in Sunderdale county, Alabama, that he was temporarily at the university at Chapel Hill, North Carolina, that the petition with the copy complaint, had been sent by the deponent to him, and that the petition was subsequently returned with the signature of Thompson thereto, accompanied by the said letter and appended thereto.

It also appears that a summons was filed with the complaint in which the names of Samuel Augustus Maverick and Mary A. his wife, as defendants were omitted.

The plaintiff's attorney in opposition to the application, read an affidavit stating among other things, that the complaint and summons were not printed when the order for publication was made, and that the printed copies were not received until towards the evening of the 21st day of October; that he could not procure them earlier from the printer; that the copies of the summons and complaint were mailed on the 22d day of that month before 2 o'clock p. m. and that they were so mailed as soon as practicable after the order directing the same to be done, without laches and without delay.

The court at special term, made an order on September 22d, 1860, for the discharge of the purchaser, unless the plaintiffs in the cause, within thirty days after the entry and service of the order, should, among other things not necessary to be noticed, amend the summons filed with the complaint, by inserting therein the name of Samuel Augustus Maverick and Mary A., his wife, as defendants therein, and file a petition of the infant defendant, Samuel Maverick Thompson, in due form sworn to by him, for the appointment of Mortimer Porter, his guardian *ad litem*, but if the plaintiffs complied with the requisites of the order and gave a written notice thereof to the attorney of the petitioner within the time specified, then the purchaser was directed to complete his purchase within thirty days thereafter.

The purchaser and plaintiffs both appealed to the general term. The order was there affirmed and the case comes up here on an appeal by the purchaser.

J. H. LEE, *for plaintiffs.*

N. B. HOXIE, *for purchaser.*

LOTT, J.—For the purposes of this appeal it must be

Van Wyck agt. Hardy.

assumed that the amendments directed to be made by the court at special term have been made, and the question is now presented whether the court had power to make them. Of this there can be no doubt; section 173 of the Code expressly any pleadings, process or proceeding by adding or striking provides that the court may, before or after judgment, amend out the name of any party, or by correcting a mistake in the name of a party, or a mistake *in any other respect.* The defects referred to fall within that provision, and it was the object of the amendment merely to correct the omission of names in the summons, and to add a verification by the infant himself of his petition for the appointment of a guardian *ad litem* for that time, instead of that made by the plaintiff's attorney. But if such power did not exist, these defects were not such as to invalidate the judgment. There is nothing in the Code requiring the summons to be filed with the complaint, and it must be assumed in the absence of proof to the contrary, that the summons served on the parties whether personally or by publication, contained the names of all the parties, and that such summons or a copy thereof was filed with the judgment. It was not necessary to file it before, (§ 281.)

Nor am I aware of any law or rule of practice that makes it absolutely necessary that a petition for the appointment of a guardian *ad litem* for an infant over fourteen years, should be verified by the infant himself *or at all.* It is sufficient that it is his act, and in this case the affidavit of the plaintiff's attorney satisfactorily established that fact.

No other proof appears to have been required under the old chancery practice, (*see* 2 *Barb. Ch. Pr.* 387 ; 3 *Hoff. Ch. Pr. appendix No. 66, and note thereto.*)

It is not claimed that the petition was not in fact signed by the infant, the objection only reached the degree of evidence required to satisfy the court that it was so signed, and in my opinion the sufficiency of the proof by which the court were satisfied of the authenticity of the signature

cannot be questioned. The objection taken to the appointment of the guardian *ad litem* was, therefore, not well founded.

The other objections to the proceedings are not covered by the amendments directed by orders, and will be separately considered.

*1st.* It is insisted that the omission of the words "in the said city of New York" after "number 13 Chambers street," in the *summons* published in the *Evening Post*, is fatal. This position is untenable, assuming that there can strictly be but one summons in an action, and that a copy of it must be published, yet the requirement is satisfied by the publication of a copy *substantially correct* in all its *material* particulars. A literal and exact copy in every respect *is not requisite*. The omission of *unnecessary* words cannot vitiate the proceedings. In the case before us, the summons as published, required the service of a copy of the answer on the plaintiff's attorney, at his office, number 13 Chambers street, without specially stating that such office and street are in the city of New York, but it was dated New York, and the date was a part thereof. There can be no doubt that the street referred to would be understood to be in that city. It could have referred to no other, in the connection in which it was used. The Code provides that a summons shall require the defendant to "serve a copy of his answer on the person whose name is subscribed to the summons at a place within this state to be therein specified in which there is a post office." The date of the summons is at New York, and the fact stated therein that the complaint has been filed in the office of the clerk of the county, in the city of New York, at the city hall in the city of New York, fairly show that the office and street refered to are in that city, and in my opinion the place for the service of the answer was sufficiently specified within the meaning and requirements of the Code. The omitted words were not necessary for the purpose of designating that the place

where service was to be made was in that city. No person could be misled by the omission or have any doubt as to the place intended. The designation is as specific as is usual in ordinary correspondence between individuals in relation to the most important business and no greater particularity is called for in a summons.

2*d*. Another objection is raised on the ground that the summons and complaint were not deposited in the post office till the fourth day after the entry of the order, which directed the same to be deposited *forthwith*. No definition of that term is given in the Code. Although, when used in a rule of court it has been held to mean within twenty-four hours after the time when the act required is directed to be done, no such construction has been given to the term when used in a statute. Webster, among other definitions defines it to mean " without delay." That is a reasonable meaning, and so understood it must be left to the decision of the court that is to pass on the question, to determine, under the *circumstances of each*, *case* whether the order in that respect has been complied with, and we agree with the court below that there was such a compliance in the present case. There were more than twenty defendants on whom the service was to be made, and the time that elapsed between the making of the order and the deposit, was not unreasonable or sufficient to charge the plaintiff's attorney with delay. At all events, there was not such delay as to deprive the court of jurisdiction over the party on that account alone.

3*d*. The only other objection remaining to be noticed is, that " the affidavit on which the order for publication was made, and the order made thereon, are defective and irregular, in that the non-residence in this state, and the actual place of residence of the defendants, Thomas J. Turpin and Drusilla E. L. Dillard are not sufficiently proved or stated."

It is conceded that those defendants are proper parties to this action, and it is not claimed or pretended that they or

either of them were not in fact non-residents, nor that they could have been found within this state, nor is it denied that it was competent for the court to direct service of the summons on them by the publication thereof, if the proper proof of those facts had been made, but the objection relates to the sufficiency of the proof given.

The question to be determined, therefore, is, whether there is such a defect in the affidavit on which the order was made as to make the judgment founded thereon inoperative and void as to those defendants for want of jurisdiction over them. The Code provides that "when the person on whom the service of the summons is to be made, cannot, after due diligence, be found within this state, and that fact appears by affidavit to the satisfaction of the court, or the judge thereof, or of the county judge of the county where the trial is to be had," and it in like manner appears * * * "that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases:" enumerating among others, "when he is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action," and also, "where the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or in part in excluding the defendant from any interest or lien therein."

It will be seen that the above provisions do not require it to be shown that these defendants were non-residents. The action is brought for the partition of real estate in this state, in which they had an actual interest and to which they were proper parties. It was only necessary, therefore, that it should "appear by affidavit to the satisfaction of the court or judge, they could not after due diligence be found within this state."

Van Wyck agt. Hardy.

The affidavit on which the order in question was founded, was made by one of the plaintiffs. He states "that the defendant, Thomas J. Turpin, resides at or near Greenville Court House aforesaid, as deponent is informed and believes," and "that as deponent is informed and believes said defendant, Drusilla L. E. Dillard, resides in Union District in said state of South Carolina, at or near Union Court House," and "further says, that after due and diligent search and inquiry by this deponent, the said defendants named in the body of the affidavit, cannot be found in the state of New York, as he is informed and verily believes." The said defendants, Thomas J. Turpin and Drusilla L. E. Dillard, are included among those so named.

These allegations tend to show the fact required to be shown. It is true, that they are only stated on information and belief, but the statement that the defendants cannot be found within this state is so made after due and diligent inquiry made by him.

When the place of a person's residence is unknown, inquiries in relation to it must necessarily be made of others, and the only evidence that can be produced to the court, must, from the nature of the case, be based on information derived on such inquiry, and the weight and effect to be given to such information, must depend on the knowledge and credibility of the party from whom it is derived. It is, therefore, no objection to the affidavit in question, that the facts therein are stated on information and belief merely.

It shows substantially that the information of the deponent as to those facts, was obtained on inquiry, and that his belief was founded on such *inquiry* and a diligent search. It would unquestionably have afforded more satisfactory proof of those facts, if it had been shown what measures had been taken, and what acts of diligence had been used, and particularly, what inquiries had been made, and of whom, and the means of knowledge, possessed by such

persons, in relation to the residence of those defendants, and of the practicability of a personal service on them in this state; so that the court or judge, might be better able to determine whether in fact due diligence had been used, and it may be conceded that no order ought to be made without proof of that character; but it cannot be said that such specification is absolutely necessary, nor can we say that the affidavit in question is of no legal effect.

It afforded some evidence to show, that the defendants could not be found within this state, and as in the language of the Code, "that fact appeared by affidavit to the satisfaction of the court," it was sufficient to confer jurisdiction to make the order, and we are not authorized on this appeal to question the sufficiency of that affidavit.

It follows from these views that the order of publication was properly granted, and that the court acquired jurisdiction over the defendants affected thereby, and that the judgment under which the sale was made, was valid and obligatory on them.

The purchaser was, therefore, properly directed to complete his purchase, and the order of the supreme court must be affirmed.