Hatch, J.
This action was brought to obtain a judgment of separation, and was commenced by the service of a summons unaccompanied by a complaint; upon its face was written at the time of service the words “ Action for a divorce.” Defendant made default, and after the lapse of the proper time plaintiff made proof of service of summons and default as required by law, and that the said summons, at the time of service, had written thereon the words “ Action for a divorce.” The court thereupon made an order of reference to take proof, etc., and report to the court. Subsequently, upon the coming in of said report, the same was confirmed and judgment thereon ordered in favor of plaintiff adjudging that she be separated from defendant, and from his bed and board forever, and directing that defendant pay to plaintiff the sum of four dollars per week as permanent alimony. Defendant has never complied with said judgment directing the payment of alimony, and this motion seeks to compel compliance in this respect The answer to the application denies power in the court to grant it, for the reason that the summons served, at the time of service, did not have written thereon “ Action for a separation,” and that the proof of service is also fatally defective for a like failure of statement; that in consequence of such omission the court never acquired jurisdiction of the person of defendant, and was therefore without authority to render a valid judgment. If the position taken by defendant be correct, the motion must be denied, for if there be no valid judgment there has been no disobedience of any lawful mandate. The section of the Code which is thus made the subject of construction, § 1774, pro- *2 vides, “ In an action brought as prescribed in this title, a final judgment shall not be rendered in favor of the plaintiff upon the defendant’s default in appearing or pleading,' unless either the summons and a copy of the complaint were personally served upon the defendant; or the copy of the summons delivered to the defendant upon personal service of the summons, * "x" "x" contains the following words, or words to the same effect, legibly written or printed upon the face thereof, to wit: 1 Action to annul a marriage; ’ 1 Action for a divorce; ’ or 1 Action for a separtion; ’ according to the article of this title under which the action is brought.”
The section further provides that the affidavit of service must affirmatively state that such inscription, setting forth a copy thereof, was written or printed upon the face of the copy summons delivered to defendant. This section is new, and its object, as stated by Mr. Throop in his note to the section, is, “to guard against one of the most flagrant and frequent impositions practiced upon the defendant in matrimonial causes.” This,'in connection with supreme cornt rules 18, 39 and 77, show the determination of the codifiers, legislature and courts to prevent fraud and imposition upon parties and by parties upon the court. When this is fully met the purpose is accomplished, and when the court can see, in the given case, that what was designed has been done, it should, if possible, give effect to the action, even though form be transgressed, if substance remain intact. The notice, upon the summons served, informed defendant that the action was for a divorce; the chapter in which the section is found, chap. 15, title 1, Code Civil Procedure, relates to “matrimonial actions,” so called for the first time, divided into three articles: “Action to annul a void or voidable marriage; ” “action for a divorce; ” “action for a separation.’’ While the grounds upon which an action may be maintained are peculiar and special as applicable to the causes of action under each specified article, yet each is embraced within the generic term divorce and the judgment which follows the proof of the particular offense alleged is a divorce of the parties, either complete or limited.
The first statute authorizing a divorce a vinculo was passed by the legislature in 1787. This remained as the only character of divorce authorized until 1813, when the legislature passed an act permitting actions for a divorce a mensa et thora. The grounds were for cruel and inhuman treatment by the husband, which rendered it unsafe and improper for the wife to cohabit with him ; abandonment and refusal and neglect to provide for the wife. Upon a bill filed by the wife alleging such offense, a court of chancery was authorized to decree a separation from bed and board forever, or for a limited term as might be just, or to make such other decree as the circumstances of the case required. This character of divorce has been variously designated. Webster defines it, “ The separation of a married woman from the bed and board of her husband.” Chancellor Kent speaks of it as a qualified divorce, and the decree provided for separation from bed and board. 2 Kent Com., 125.
*3 In the Bevised Statutes, chap. 8, art. 1, title 1, page 147, 6th ed., it is placed under the general head of “Domestic Delations.” Article 3 is headed “ Of divorces dissolving the marriage contract.” Article 4 “ Of Separation or Limited Divorces.” Courts in discussing this subject have used as convertible terms separation and limited divorce. Erkenbrach v. Erkenbrach, 96 N. Y., 459, 460 ; Davis v. Davis, 75 id., 221-224.
In Griffin v. Griffin, 47 N. Y., 139, Judge Bapallo has spoken of it as a divorce, without any qualifying words. It is quite clear therefore that since the adoption of this statute in 1813 actions of this character have been commonly and technically understood as embraced within actions for divorce. This reason led to the holding by the court in Easterbrook v. Easterbrook, 64 Barb., 421, that service of the summons by publication was proper in an action for a limited divorce although in terms it was not named in the statute as one of the causes of action authorizing substituted service. The cause of action has remained well defined since its authorization by the statute, and it has been incorporated in the Code of Civil Procedure substantially as it existed in the Bevised Statutes; the main alteration has been in heading of titles, arrangement and division, but there is indicated no intention upon the part of the legislature to work any change in the law; where such is the case its construction remains the same. Davis v. Davis, 75 N. Y., 226.
The endorsement upon this summons clearly apprised defendant of the character of the action which was commenced against him and in this respect it accomplished the end which the statute aimed at. It cannot be said that any imposition was practiced upon defendant or that he was misled by anything which appears upon the record, and no such claim is made or presented in opposition to the motion. This being true, force should be given to the judgment unless the words “ Action for a separation ” or their exact equivalent are the only ones which will satisfy the statute.
As we have seen, an action for a separation is an action for a limited divorce, and in a legal sense the words have been used as synon)rms. The act is satisfied when the words designating the action “ or words to the same effect ” are used.
That the words used, “ action for divorce,” sufficiently and certainly characterize the action would seem quite clear, and would lead the mind to that result, were it not for the further language, “ according to the article of this title, under which the action is brought.” This, in a sense, seems to require that the words of the title be used, or those of a similar import. To do this with technical accuracy would require some qualification of the word “ divorce.” Yet such a construction would be quite narrow and, in my opinion, sacrifice form to substance. The word “divorce” clearly included “ separation," and the fact that it is also of larger significance does not detract from its effect as notice of the character of the action. It falls within the familiar principle that the greater includes the less. The defendant is given direct notice, and the means are within his power of informing himself what character of a divorce the action seeks to obtain. I am, therefore, of *4 opinion that the endorsement was srifficient compliance with the requirements of the Code. Giving to the section a narrow construction it would at most amount to an irregularity, Sears v. Sears, 9 Civ. Pro., 432, as the notice apprised defendant of the action and its character. But for this defendant cannot avail himself in this proceeding, nor upon an affirmative motion to set aside the judgment, as more than a year has passed since its rendition, Code Civ. Pro., § 1282, and in no event unless defendant was actually prejudiced. Green v. Howard, 14 Hun, 434.
It follows from these views that the motion should be granted. The order entered to be settled by the court.