MISHKIND-FEINBERG REALTY COMPANY, Appellant, v. LOUIS SIDORSKY, Respondent.

MORTGAGE FORECLOSURE — ORDER OF PUBLICATION — AMENDMENT. Where an order directing the service of a summons by publication upon a non-resident defendant, without the state, conformed to the statute (Code Civ. Pro. § 440) in every respect except that, by mistake and clerical error, the words "notice of object of action hereto annexed" were used in the place of the words "complaint hereto annexed," required by the statute, and the summons was duly published, together with the notice required by the statute, and the summons, complaint, notice of object of action, order of publication and affidavits upon which it was granted were duly served upon such defendant by mail, the defendant was thereby fully and fairly apprised that she was a party to the action and that her interest in the property would be cut off by the judg-

ment to be obtained in the action and the sale thereunder; the Supreme Court had power, therefore, after judgment of foreclosure, upon the papers in the action and proof of the facts stated, to amend the order of publication *nunc pro tunc* by substituting therein the words "complaint annexed hereto" in place of the words "notice of object of action hereto annexed," since the order was not void, by reason of such error, but irregular, and the court has ample power, either before or after judgment in furtherance of justice, to amend, or cure, any irregularity in process, pleading or proceeding. (Code Civ. Pro. § 723 )

*Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 111 App. Div. 578, affirmed.

(Submitted October 11, 1907; decided November 1, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 9, 1906, in favor of defendant upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Louis Julien* for appellant. No jurisdiction was ever acquired by the service of the summons by publication on Mary Rabinovitch because the order for the publication of the summons was jurisdictionally defective and did not comply with the provisions of the Code of Civil Procedure. (Code Civ. Pro. § 440; Gerard on Titles [4th ed.], 480; 1 Rumsey's Pr. [2d ed.] 224; *Towsley* v. *McDonald*, 32 Barb. 604; *E. W. Bank* v. *Powers*, 43 App. Div. 178.) The attempted amendment of the order of publication was irregular and void. (1 Rumsey's Pr. [2d ed.] 777; Gerard on Titles [4th ed.], 680; *Vaidero* v. *Vaidero*, 7 Hun, 313; *Harris* v. *Durkee*, 18 J. & S. 202; *Kendall* v. *Washburn*, 14 How. Pr. 380; *Hallett* v. *Righters*, 13 How. Pr. 43; *Foster* v. *Electric Co.*, 16 Misc. Rep. 147; *Ladenburg* v. *Commercial Bank*, 87 Hun, 269; 146 N. Y. 406; *Stuyvesant* v. *Weil*, 41 App. Div. 557.)

*J. A. Seidman* for respondent. The original judgment of foreclosure and sale, under which the premises in question

were sold, was valid and binding on the defendant Mary
Rabinovitch, and her interest in the premises was thereby
completely cut off.   (Code Civ. Pro. §§ 479, 3345; *Matthews*
v. *Gilleran*, 12 N. Y. Supp. 74; *Abrahams* v. *Mitchell*, 8
Abb. [N. C.] 123; *Jenkins* v. *Fahey*, 73 N. Y. 355; *B. T.
Co.* v. *Bulmer*, 49 N. Y. 84; *McCulley* v. *Heller*, 66 How.
Pr. 468; *Denman* v. *McGuire*, 101 N. Y. 161; *Mojavvieta*
v. *Saenz*, 80 N. Y. 547; *Phinney* v. *Broschell*, 19 Hun, 116;
80 N. Y. 544; *Coffin* v. *Lesster*, 36 Hun, 347; *Green* v.
*Squires*, 20 Hun, 15; *Loring* v. *Binney*, 38 Hun, 152.)
Assuming that the order was defective because of the erro-
neous use of the words "notice of object of action," such
defect was not jurisdictionally fatal and was possible of
amendment.   (Code Civ. Pro. §§ 723, 724; *Wilson* v. *Allen*,
3 How. Pr. 369; *Morewood* v. *Hollister*, 6 N. Y. 320;
*Bulkeley* v. *Keteltas*, 3 Sandf. 741; *King* v. *King*, 69 App.
Div. 189; *Stone* v. *Pratt*, 90 Hun, 39; *Sulzbacher* v.
*Cawthra*, 14 Misc. Rep. 545; 148 N. Y. 755; *Fischer* v.
*Dougherty*, 42 Hun, 167; *Cooke* v. *McLeena*, 18 Misc. Rep.
219; *McCoy* v. *New York*, 46 Hun, 268; *Ackley* v. *Welsch*,
85 Hun, 178; *Schmidt* v. *Schanzlin*, 21 J. & S. 498; *Moran*
v. *Abbott*, 26 App. Div. 570.)

Chase, J.   A controversy exists between the parties to
this action as to whether the title to certain real property is
marketable.   The only question relating thereto discussed in
this court is as to whether the interest of one Rabinovitch, a
mortgagee of said real property, was cut off by a judgment
and sale in an action to foreclose a prior mortgage thereon.
She was made a party defendant to the action and being a
non-resident of the state an application was made for an order
directing the service of a summons upon her without the state
or by publication.   An order was granted which directed the
service of the summons upon her "by publication thereof, in
two newspapers, namely, in the New York Times, published
in the Borough of Manhattan, New York, and the New York
Law Journal, published in the Borough of Manhattan, New

York, once a week for six successive weeks, or at the option of the plaintiff by service of said summons and notice of object of action, and a copy of this order without the State upon the defendant, Mary Rabinovitch, personally.   That on or before the day of the first publication as aforesaid, plaintiff deposit in the general post-office in the Borough of Manhattan, City, County and State of New York, a copy of the summons and notice of object of action hereto annexed and of this order contained in a securely enclosed, postpaid wrapper, directed to the said Mary Rabinovitch, at No. 12 Fair Street, Paterson, New Jersey."

The order was thereafter amended by changing the name of one of the papers in which the summons was to be published.

The order and amended order conform to the directions therefor prescribed by section 440 of the Code of Civil Procedure, except that the words " notice of object of action " were used therein in place of the word " complaint."   No question is raised as to the sufficiency of the papers upon which the order was founded to give the judge jurisdiction to grant the same.   The order, among other things, recites that it is based upon a verified complaint " hereto annexed."   A notice of object of action was not annexed to the order, and the words " notice of object of action hereto annexed " were used in the order by mistake and clerical error when the words " complaint hereto annexed " were intended to be used therein.

The summons was duly published pursuant to the order, together with a notice directed to said Rabinovitch as follows : " The foregoing summons is served upon you by publication pursuant to an order of the Hon. P. Henry Dugro, a justice of the Supreme Court of the State of New York, dated the 29th day of January, 1901, and filed with the complaint in the office of the clerk of the county of New York upon the 5th day of February, 1901, at the Court House in the Borough of Manhattan, New York."   The summons, a notice of object of action, the order and amended order of publication, the complaint and the affidavits upon which the order of

publication was granted were duly served upon said Rabino-vitch by mail. By the judgment and sale in the foreclosure action the interest of said Rabinovitch in the real property in question was foreclosed and barred if the court had jurisdiction of her as a defendant.

An action is commenced by the service of a summons (Code Civil Procedure, sec. 416), and by it a defendant is notified that his rights are challenged. Service of the summons, that is, notice of the commencement of the action and an opportunity by a defendant to appear and defend his rights and interests, are the important prerequisites to jurisdiction by a court. Our Code of Civil Procedure prescribes how notice must be given and a substantial compliance with such notice is necessary. Unimportant and unessential variations from the form of notice prescribed not affecting the substantial rights of the defendant are irregularities which may be cured by amendment pursuant to the general authority of the court to amend a process, pleading or other proceeding in further-ance of justice. (*Loring* v. *Binney*, 38 Hun, 152 ; *Stuyvesant* v. *Weil*, 167 N. Y. 421 ; *Brooke* v. *Saylor*, 44 Hun, 554 ; *Van Wyck* v. *Hardy*, 4 Abb. Ct. App. Dec. 496 ; *Von Rhade* v. *Von Rhade*, 2 T. & C. 491 ; *Morrison* v. *National Rubber Co.*, 13 Civ. Proc. Rep. 233 ; *MacCoun* v. *N. Y. C. & H. R. R. R. Co.*, 50 N. Y. 176 ; *McCully* v. *Heller*, 66 How. 468.)

Where personal service is made within the state it is not necessary to serve the complaint with the summons, but a copy of the complaint may be served with the summons if desired. (Sec. 419.) Where a personal claim is not made against a defendant a notice of the object of the action may be served with the summons in place of the complaint. (Sec. 423.) In case a copy of the complaint is not delivered to a defendant at the time of the delivery of a copy of the summons to him, either within or without the state, he may obtain a copy of the complaint on demand (Sec. 479.) Where a defendant is a non-resident of the state and a sufficient cause of action is shown against him, an order may be made directing the service of a summons upon him without the

state or by publication. (Secs. 438–440.) When the service is made by publication the summons only is published, with a notice stating when and where the complaint is filed (Sec. 442), and where the service is made without the state pursuant to the order a notice must be served with the summons stating when and where the complaint is filed in the form prescribed by section 443. The summons is always of prime importance. It is the effective paper upon which jurisdiction is founded.

As we have seen, the order required that the summons be published as directed by the statute, and the publication of the summons and notice necessary to give the court jurisdiction of the defendant Rabinovitch was actually made. The notice of object of action is but an abbreviated complaint. It sets forth the general object of the action and a brief description of the property affected by it. The notice published with the summons stated when and where the complaint was filed, and the complaint itself as well as the statement thereof in the notice of object of action, and all the papers required by statute and by the order were actually served upon Rabinovitch. It is to be presumed that the papers mailed to Rabinovitch were received by her. She was, therefore, fairly and fully apprised that she was a party to the action and that her interest in the property would be cut off by the judgment to be obtained in the action and the sale thereunder. If the order as made had been literally complied with, actual notice to her of the action and its object would have been complete, but no one thing required by a literal compliance with the statute to give notice to her was omitted.

After the sale on proof that the order included a direction to mail to the defendant a copy of the notice of object of action instead of the complaint, and that it was so included by inadvertence and clerical error, an order was made as of the date of the original order *nunc pro tunc*, striking out the words "notice of object of action," and in place thereof inserting the word "complaint." The Supreme Court has very broad powers, either before or after judgment in

furtherance of justice, to amend any process, pleading or proceeding. (Sec. 723.) It would be difficult to use more comprehensive language than is used in that section. The correction of the clerical error in the order was not harmful to Rabinovitch but was in furtherance of justice. To deny power in the court in this case to make such an order would subordinate substance to form. The statutory provisions relating to the commencement of an action are intended for the protection of the rights of the persons who are named as defendants therein. Whatever the statute requires that in any way tends to aid a defendant in the protection of his rights is necessary to be complied with to give the court jurisdiction. Where it is clear that a deviation from the statute is unimportant and unsubstantial and that the defendant has not been prejudiced thereby it is within the power of the court to amend the process or proceeding. The order in this case was not void but irregular and the irregularity has been cured.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT and HISCOCK, JJ., concur; VANN, J., absent.

Judgment affirmed.