(91 Misc. Rep. 151)

## BRAHAM v. BRAHAM.

(Supreme Court, Special Term, New York County.   March, 1915.)

DIVORCE ☞76—PROCESS—INDORSEMENT ON SUMMONS.

Code Civ. Proc. § 1774, making it necessary in certain cases to indorse upon the summons in a matrimonial action the nature of such action in order to render judgment therein upon default, does not apply in a divorce suit, where the summons and also the complaint are personally served upon the defendant while within the state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 247–250, 255; Dec. Dig. ☞76.]

Suit by Frances B. Braham against Joseph E. Braham. On application by plaintiff to have order of discontinuance vacated. Application granted.

R. S. King, of Brooklyn, for plaintiff.

GOFF, J.   When the case was called for trial, the clerk of the court called to the attention of the justice presiding that the summons which had been filed with the complaint in the clerk's office did not bear the inscription, "Action for a divorce," in conformity with the rules and the practice observed in the clerk's office.   Thereupon permission was given to the plaintiff's attorney to discontinue the action, without prejudice to the commencement of a new action wherein he could comply with the rule.   On that direction an order for such discontinuance was made and entered.   The attorney now makes application to have that order vacated, and that the case be restored to the calendar for trial.

The ground of this application is that, inasmuch as the proof of service showed the defendant to have been personally served with the summons and complaint together within this state, it was not necessary to inscribe the words "Action for a divorce" upon said summons. It appears that there has arisen in the clerk's office a practice requiring the summons in all actions for divorce to bear the quoted inscription, under the authority purporting to be derived from section 1774 of the Code of Civil Procedure.   The pertinent provisions of said section are as follows:

"In an action brought as prescribed in this title, a final judgment shall not be rendered in favor of the plaintiff upon the defendant's default in appearing or pleading, unless either the summons and a copy of the complaint were personally served upon the defendant; or the copy of the summons delivered to the defendant, upon personal service of the summons, or delivered to him without the state, or published, pursuant to an order for that purpose, obtained as prescribed in chapter fifth of this act, contains the following words, or words to the same effect, legibly written or printed upon the face thereof, to wit: 'Action to annul a marriage;' 'Action for a divorce;' or 'Action for a separation;' according to the article of this title under which the action is brought.   Where the summons is personally served, but a copy of the complaint is not served therewith, or where a copy of the summons and copy of the complaint are delivered to the defendant without the state, the certificate or affidavit proving service must affirmatively state, in the body thereof that such an inscription, setting forth a copy thereof, was so written or printed upon the face of the copy of the summons delivered to the defendant."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

As I read and interpret these provisions, two classes of cases are provided for: (1) Where the summons and complaint together are personally served upon the defendant within the state; (2)' where other facts exist which might be (a) personal' service of the summons alone (without the complaint) within the state; (b) service without the state; and (c) service by publication. In the first case no inscription is necessary. In the second case and its subdivisions, or, in other words, in any possible case other than case (1), the inscription is necessary for a binding final judgment. The second sentence above quoted relates entirely to the proper statements in the certificate or affidavit proving service. I have been unable to discover any reported opinion construing the exact meaning of this Code section. In Throop's New York Code of Civil Procedure, 1882, the note to this section is as follows:

"New; prepared to guard against one of the most flagrant and frequent impositions practiced upon the defendant in matrimonial causes. A distinguished justice of the Supreme Court, who has furnished some valuable suggestions for the improvement of previous chapters of this act, has suggested that a remedy be provided for this abuse, remarking forcibly that 'our divorce business is disgraceful.' The remedy in this section, if it will not be effectual to guard against all such cases, will at least serve as a powerful check ·to their' multiplication; and the power, which the judges have, to provide further remedies in the general rules, should be sufficient, with the aid of this section, to put an entire stop to such practices."

In Rudolph v. Rudolph, 12 N. Y. Supp. 81, Hatch, J., in the first sentence of his opinion, emphasizes that the case before him arose where the action "was commenced by the service of a summons *unaccompanied by a complaint.*" He adds (pages 81, 82):

"This section is new, and its object, as stated by Mr. Throop in his note to the section, is 'to guard against one of the most flagrant and frequent impositions practiced upon the defendant in matrimonial. causes.' This, in connection with Supreme Court rules 18, 39, and 77, shows the determination of the codifiers, Legislature, and courts to prevent fraud and imposition upon parties and by parties upon the court. When this fully is met the purpose so accomplished, and when the court can see in the given case that what was designed has been done, it should, if possible, give effect to the action, even though form be transgressed, if substance remains intact. * * * *The indorsement upon this summons clearly apprised defendant of the character of the action which was commenced against him, and in this respect it accomplished the end which the statute aimed at.*"

This case merely held that the indorsement on the summons of the words "Action for a divorce," when the action was for a separation, was sufficient. In Cumming & Gilbert's Official Court Rules, 1910, a note on page 98 reads:

. "It is provided in section 1774 of the Code of Civil Procedure that where the summons in an action to annul a marriage, for divorce, or separation is personally served, *but a copy of the complaint is not served therewith,* or where a copy of the summons and a copy of the complaint are delivered to the defendant without the state, the certificate or affidavit proving service must affirmatively state in the body thereof that the words 'Action to annul a marriage,' 'Action for a divorce,' or 'Action for a separation' are written or printed upon the face of the copy of the summons delivered to the defendant."

See, also, Nichol's Practice, 1904, p. 724; Wait's New York Practice, 1762, 1763; 3 Rumsey's Practice, 257, 258.

It cannot be questioned that the purpose of this Code provision was to give the defendant notice of the nature of the action brought against him. This he could not get from the summons alone, unless the inscription provided for were placed upon the summons. This he could get where the summons and complaint were served together, because the complaint would speak for itself.

So much for the authorities upon the subject and the reason underlying the provision. But an analysis of the language of the section leads to the same conclusion. The wording, "a final judgment shall not be rendered * * * upon the defendant's default * * * unless *either* the summons and a copy of the complaint were personally served upon the defendant," is a complete affirmative legal rule. It means, as it says, that personal service of the summons and complaint upon the defendant is sufficient for final judgment upon default. From the following parts of the section it is apparent that such service must be within the state. The presence of the word "either" only adds to the force of this interpretation, because for the alternative provision following the word "or" the special provision for inscription is made. Furthermore, a semicolon precedes the word "or." But, even if the semicolon were a comma, I cannot see that the meaning would be changed.

Again, it is noteworthy that the word "contains," later in the sentence, is in the singular. If the phrase "summons and a copy of the complaint" were its antecedent, the plural would be necessary for accuracy of expression. From the language of the Code section, from the obvious intent of the Legislature, and from the incidental suggestions in the text-books and authorities, I am of the opinion that in a matrimonial action in this state, where the summons and complaint are personally served upon the defendant within the state, final judgment on default may be entered, if the proof is otherwise sufficient, whether or not the inscription provided for in other cases appears upon the face of the summons.

I therefore grant the application of plaintiff's attorney, and direct the vacation of the previous order of discontinuance in this case, and the restoration of the case to the calendar for trial.

Application granted.