---

### LEVY v. McMAHAN.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

TAXATION ⬤⟾660—TAX TITLE—VALIDITY—PUBLICATION—AMENDMENT OF ORDER.

Where the order of publication against unknown owners in an action to foreclose a tax lien directed publication in a paper published in the city of New York, borough of Manhattan, and in the Evening Telegram in the city of New York, borough of the Bronx, and publication was duly made in such papers, though in fact the Evening Telegram was published in the borough of Manhattan, and not in the borough of the Bronx, the error in the order was purely clerical, and, after due publication, the court was authorized to correct it by amending the original order nunc pro tunc, by reciting its intention that the summons should be published in the two papers, both published in the borough of Manhattan.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1338–1340; Dec. Dig. ⬤⟾660.]

Submission of controversy under agreed statement of facts by Stella Levy against Mary C. McMahan. Judgment ordered for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

J. Nathan Helfat, of New York City, for plaintiff.
Patrick J. McDonald, of New York City, for defendant.

DOWLING, J. Plaintiff and defendant having entered into a contract for the purchase and sale of a certain lot located in the borough of the Bronx, city of New York, the defendant has refused to accept the deed therefor on the ground that the title is unmarketable, because of a defect in the proceedings had in the action to foreclose a tax lien, under which the plaintiff obtained title to the premises. This defect is claimed to exist in the order of publication of the summons herein against unknown owners, which order directed that the same be published in the "New York Law Journal, published in the city of New York, borough of Manhattan," and in the "Evening Telegram, published in the city of New York, borough of the Bronx." It appears that in the original order of publication, which was in type-

writing, blank spaces had been left for the names of the papers where-in the advertisement was to be had, after which appeared the words "city of New York, borough of the Bronx," in typewriting. The judge, in making the order, struck out the word "Bronx" and sub-stituted the word "Manhattan," after the name of the Law Journal appeared, but did not do so in the corresponding space after the name of the Evening Telegram. The publication was had in the New York Law Journal and in the Evening Telegram, which is the only paper by that name published in the city of New York, and which as a matter of fact is published in the borough of Manhattan. There is no Evening Telegram published in the borough of the Bronx, nor any paper of a similar name. The publication was completed in these two papers. On August 30, 1915, the judge who signed the original order, made another order amending it nunc pro tunc upon a recitation of his intention that the summons should have been pub-lished in the New York Law Journal and the Evening Telegram, both published in the city of New York, borough of Manhattan, the pa-pers in which the publication had actually taken place. It is appar-ent that the error in the original order was purely a clerical one, and that the publication having taken place in the Evening Telegram, the only newspaper by that name in either borough, the court had au-thority to correct the error and to amend the original order nunc pro tunc. Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 82 N. E. 448.

Plaintiff's title to the premises in question, this being the only ob-jection urged against the same, was therefore marketable, and under the stipulation plaintiff is entitled to a judgment for specific perform-ance, without costs. All concur.