Louis B. Heller, J.
In an action for absolute divorce, instituted by order permitting service of the summons by publication, plaintiff seeks to enter judgment by default against the defendant based upon the latter’s failure to appear herein. The published summons did not contain the critical words “Action for a divorce,” required by statute (Civ. Prac. Act, § 1167; Buies Civ. Prac., rule 47).
Section 1167 of the Civil Practice Act specifically provides that absent such words in the summons in an action for divorce ‘£ a judgment shall not be rendered in favor of the plaintiff upon the defendant’s default in appearing”. The statutory prohibition applies only when the summons is served without the complaint (Braham v. Braham, 91 Misc. 151).
Plaintiff urges the court to disregard the omission under the power granted pursuant to section 105 of the Civil Practice Act. Plaintiff argues that defendant has not, by the omission, been deprived of a substantial right, i.e., notice as to the nature of the cause of action, since there was appended to the published summons a notice (required by Bules Civ. Prac., rule 52) directing the defendant to the County Clerk’s office where the original complaint was on file and available for examination.
Section 105 of the Civil Practice Act states that a mistake, omission, irregularity or defect must be disregarded “if a substantial right of any party shall not be thereby prejudiced
*837 While the court need not here determine the question, nevertheless the materiality of omitting ‘ ‘ Action for a divorce ” from the published summons might well affect the jurisdiction of the court. To grant relief under section 105 presupposes that jurisdiction was acquired by publication of the defective summons (Wade v. Gates Rubber Co., 205 App. Div. 17).
The summons “ is always of prime importance,” being “ the effective paper upon which jurisdiction is founded ” (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402,407).
The avowed purpose of the statute’s enactment was to guard against “ impositions practiced upon the defendant in matrimonial causes.” (Throop, Code of Civil Procedure, 1880, note to § 1774, from which the present § 1167 of the Civil Practice Act was derived.)
The defendant herein received no notice other than the aforementioned publication. It was not possible to give him any other notice since his whereabouts was not known. Nor is it known whether defendant is or has been actually aware of the existence of the action. Where a summons is published, the actual receipt of notice of the action and of defendant’s right to defend constitutes an important factor in determining the question of jurisdiction (Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 135). The Court of Appeals in construing the constitutionality of another section of the Civil Practice Act presumed, when referring to the notice required by section 1167, that it conveyed some degree of notice to an absconding husband as to the existence against him of a matrimonial cause of action (Matthews v. Matthews, 240 N. Y. 28, 33).
In the cases cited by plaintiff, where the court permitted amendment of the defective process, no question of notice of the existence of the action was involved and the adversary in each instance was before the court when the court made its determination of nonmateriality and of no prejudice (Schack v. Bryan, 118 Misc. 90; Siccardi v. Ajello, 117 Misc. 118). Similarly, where there was no question that defendant had received notice of the action, the summons having been personally served, and the parties were before the court, the court allowed an amendment of the summons to include the words ‘1 Action for a divorce,” so as to conform to the original summons which did contain the quoted phrase (Sears v. Sears, 9 N. Y. Civ. Pro. Rep. 432).
However, assuming the existence of jurisdiction for the purposes herein, it is the court’s opinion that the record herein lacks sufficient facts upon which to make a finding of no prejudice to a substantial right of the defendant, i.e., “ notice of the *838 bringing of the action and opportunity to defend” (Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 135, supra). In other words, it has not been made “ clear that [the] deviation from the statute is unimportant and unsubstantial and that the defendant has not been prejudiced thereby”. (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 408, supra.)
Application for the entry of a judgment by default is denied without prejudice.