# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KORTNEY SCHAAF, a single individual, | ) ) ) | No. 75335-5-I |
| | ) | |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| RETRIEVER MEDICAL/DENTAL PAYMENTS INC., a New York corporation, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | FILED: July 3, 2017 |
| | ) | |

2017 JUL -3 AM 9: 13 FILED COURT OF APPEALS DIV I STATE OF WASHINGTON

LEACH, J. — After a contract dispute about compensation, Retriever Medical/Dental Payments Inc. filed an action against Kortney Schaaf in New York state. Schaaf later filed an action against Retriever in Washington. Schaaf appeals the trial court's dismissal of her Washington action under the priority of action rule. Because adjudication of Retriever's claims would bar as res judicata Schaaf's claims, the trial court properly dismissed her claims under the priority of action rule. We affirm.

## FACTS

In March 2011, Retriever, a New York corporation, hired Schaaf, a resident of the state of Washington, to work as a sales representative. In connection with her position, Schaaf signed a number of representative

agreements and confidentiality and noncompetition agreements. Some of those agreements contained a choice of forum clause that chose either New York or Texas as the designated forum.

In September 2015, Schaaf violated a Retriever policy, and Retriever took disciplinary action against her. Retriever later terminated their contractual relationship.

On October 13, 2015, Retriever started a lawsuit against Schaaf in the state of New York by filing a summons with notice. On December 18, Schaaf started a lawsuit against Retriever by filing a complaint in Snohomish County Superior Court. On December 23, Retriever filed a complaint in its New York action.

Retriever's New York lawsuit asserts three causes of action. First, it claims "Schaaf was in breach of the terms of the Agreements resulting in damages to Retriever." Second, it seeks return of compensation that Retriever claims it mistakenly paid to Schaaf. Third, it asks for a declaratory judgment that Schaaf was an independent contractor and not an employee of Retriever.

Schaaf's Washington lawsuit asserts six causes of action: (1) failure to comply with RCW 49.48.210 in withholding payments due, (2) retaliation, (3) wrongful termination in violation of Washington public policy, (4) violation of

Washington's Consumer Protection Act (CPA),[1] (5) equitable estoppel, and (6) declaratory judgment that she was an employee of Retriever and not an independent contractor.

In March 2016, Retriever moved to dismiss Schaaf's Washington action under the priority of action rule and for lack of jurisdiction. The superior court rejected Retriever's jurisdiction argument but agreed with its priority of action argument. Thus, it dismissed Schaaf's action subject to the following condition:

> The Court will stay these proceedings pending the outcome of Plaintiff's (Schaaf's) Motion to Dismiss for forum non conveniens in New York. If the court in New York denies that motion, it is the ruling of this Court that the action in this cause should not proceed under the doctrine of Priority of Action. If the N.Y. Court grants the motion to dismiss for forum non conveniens, the action may proceed under this cause [number].

The New York court later denied Schaaf's motion to dismiss for forum non conveniens.

Schaaf challenges the trial court's decision to dismiss her appeal under the priority of action rule.

## ANALYSIS

Schaaf claims that the trial court should not have dismissed her claims under the priority of action doctrine. We disagree.

---

[1] Ch. 19.86 RCW.

Under the priority of action doctrine, the court that "first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved."[2] Because the trial court's application of the priority of action doctrine presents a question of law, this court reviews the trial court's decision de novo.[3]

Before a court applies the priority of action rule, it decides whether the actions possess identity of subject matter, relief, and parties.[4] In practice, courts do not apply these elements inflexibly.[5] "Rather, courts have looked beyond these elements and to the policy behind the doctrine."[6] Washington courts have stated that the rule's purpose is "to determine whether the 'identity' of the actions is 'such that a decision in one tribunal would bar proceedings in the other tribunal

---

[2] Sherwin v. Arveson, 96 Wn.2d 77, 80, 633 P.2d 1335 (1981).

[3] Atl. Cas. Ins. Co. v. Or. Mut. Ins. Co., 137 Wn. App. 296, 302, 153 P.3d 211 (2007) ("As the priority of action rule involves jurisdiction and res judicata principles, de novo review is appropriate."); State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n, 111 Wn. App. 586, 605, 49 P.3d 894 (2002) (applying de novo review to the trial court's decision not to allow a party to amend its complaint, which appellate courts normally review for abuse of discretion, because the trial court based its decision on the priority of action legal doctrine).

[4] Am. Mobile Homes of Wash., Inc. v. Seattle-First Nat'l Bank, 115 Wn.2d 307, 317, 796 P.2d 1276 (1990).

[5] Bunch v. Nationwide Mut. Ins. Co., 180 Wn. App. 37, 41, 321 P.3d 266 (2014).

[6] Bunch, 180 Wn. App. at 41-42.

-4-

because of res judicata.'"[7] The doctrine "tends to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process."[8]

First, Schaaf claims that because she filed her complaint in Washington before Retriever filed its complaint in New York, Washington first gained jurisdiction. But she does not dispute that Retriever filed a summons with notice in New York before she started her Washington action. In New York, a party can start a lawsuit by filing a summons with notice.[9] Thus, Retriever started its lawsuit in New York before Schaaf filed hers in Washington. This means that New York first gained jurisdiction.

Next, Schaaf asserts that the priority of action rule does not bar her claims. Retriever contends that the priority of action rule bars Schaaf's claims because they are compulsory counterclaims to Retriever's claims. Federal

---

[7] Bunch, 180 Wn. App. at 42 (quoting Evergreen Freedom Found., 111 Wn. App. at 607); see also Sherwin, 96 Wn.2d at 80 (stating that the doctrine "is generally applicable only when the cases involved are identical as to subject matter, parties and relief. This identity must be such that a final adjudication of the case by the court in which it first became pending would, as res judicata, be a bar to further proceedings in a court of concurrent jurisdiction.").

[8] Sherwin, 96 Wn.2d at 80.

[9] N.Y. C.P.L.R. § 304(a) ("An action is commenced by filing a summons and complaint or summons with notice."); see also Martin v. Martin, 38 Misc. 2d 836, 837, 238 N.Y.S.2d 749 (Sup. Ct. 1963) ("The summons 'is always of prime importance,' being 'the effective paper upon which jurisdiction is founded.'" (quoting Mishkind-Feinberg Realty v. Sidorsky, 189 N.Y. 402, 407, 82 N.E. 448 (1907))).

courts have used this logic in applying a similar priority rule.[10] And, while no Washington court has yet applied the compulsory counterclaim rule in a priority of action analysis, we agree with this approach because it furthers the purpose of the doctrine.[11]

Unlike Washington, New York does not have a codified compulsory counterclaims rule. But the principle does exist in New York common law.[12] In New York, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."[13]

Here, all of Retriever's and Schaaf's claims arise out of the same transaction or series of transactions because they all relate to their contractual relationship. Retriever's claims allege breach of contract, relate to payment of compensation under the contract, and ask the court to clarify the parties' relationship under the contract. Schaaf's claims likewise relate to the contract.

---

[10] Computer Assocs. Int'l, Inc. v. Altai Inc., 893 F.2d 26, 28-29 (2d Cir. 1990).

[11] See Evergreen Freedom Found., 111 Wn. App. at 607.

[12] Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of City of N.Y., 68 N.Y.2d 456, 461, 502 N.E.2d 978, 510 N.Y.S.2d 63 (1986) ("While New York does not have a compulsory counterclaim rule, a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." (citation omitted)).

[13] O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 445 N.Y.S.2d 687 (1981).

Her wrongful termination and retaliation claims involve termination of their contractual relationship. Her equitable estoppel and RCW 49.48.210 claims relate to payment of compensation under the contract.[14] Her declaratory judgment claim relates to her status under the contract. Finally, her CPA claim alleges that Retriever wrongfully required Schaaf to sign a contract that required her to identify herself as an independent contractor. Because the claims of both parties arise out of the same transaction, under New York law, Schaaf's claims are effectively compulsory counterclaims in the New York lawsuit.[15] Thus, a decision by the New York court would bar Schaaf's Washington claims.[16]

Schaaf asserts that the convenience of witnesses makes Washington a better location for litigating this dispute. Courts have considered such factors relevant to equitable application of the doctrine but only where the res judicata effect of the first action on the second is uncertain because the identity of parties is not exact.[17] Here, Schaaf and Retriever agree that the identity of the parties is

---

[14] RCW 49.48.210 provides notification requirements when an employer decides to withhold wages due to overpayment.

[15] See O'Brien, 54 N.Y.2d at 357.

[16] Cf. Chew v. Lord, 143 Wn. App. 807, 181 P.3d 25 (2008) (holding that summary dismissal of claims brought in Washington was proper because they arose from the same transaction or occurrence as claims that had been previously litigated in Nevada and were thus compulsory counterclaims in that action).

[17] Am. Mobile Homes, 115 Wn.2d at 321-22 (considering the existence of any forum agreement between the parties, the convenience of witnesses, and the general interests of justice because there was not identity of parties); Atl. Cas. Ins. Co., 137 Wn. App. at 302.

the same in both actions. Thus, because the res judicata effect of the New York case warrants dismissal, we need not look to this factor to determine whether the rule should apply here.[18]

Schaaf also asserts that the parties should litigate her claims in Washington because this state has a greater interest in the matter. She cites no authority to support this argument, however. None of the cases she cites discuss states' interests. She does not show that state interest is a relevant factor in considering whether to apply the priority of action rule. Similarly, she asserts that the interests of justice require litigation of at least her CPA claim in Washington because public interest impact is an element of a CPA claim.[19] She argues that because the CPA claim alleges that Retriever might harm other Washington residents in a similar fashion, agreement that New York law governs their relationship cannot preclude her Washington CPA claim. Again, she cites no authority for this argument. This court need not consider issues that a party does not support with citation to legal authority.[20] We decline to consider these arguments.

---

[18] Cf. Am. Mobile Homes, 115 Wn.2d at 321 (considering other factors in addition to the identities because the res judicata effect was questionable due to the fact that the parties to the actions were not identical).

[19] Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

[20] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Finally, Schaaf asserts that the priority of action rule should not apply here because Retriever filed its lawsuit in New York as a "preemptive strike." To support this argument, she cites American Mobile Homes of Washington, Inc. v. Seattle-First National Bank.[21] But we distinguish that case. In American Mobile Homes, the court did consider it likely that the first action was filed as a so-called preemptive strike to avoid the venue named in the parties' agreement.[22] But in this case, the most current agreements either contain no choice of forum clause or identify New York as the chosen forum. Thus, it is unlikely that Retriever filed in New York as a preemptive strike to avoid a choice of forum clause. Schaaf provides no evidence to show that Retriever had any improper motive for filing its New York action that might justify modifying our priority of action analysis.

## CONCLUSION

Because Schaaf's claims arise out of the same transaction as Retriever's claims, resolution of Retriever's case would have a preclusive effect on Schaaf's

---

[21] 115 Wn.2d 307, 796 P.2d 1276 (1990).
[22] Am. Mobile Homes, 115 Wn.2d at 320-21.

claims.  Thus, the trial court properly dismissed them under the priority of action

rule.  We affirm.

_____
Leach, J.

WE CONCUR:

_____

_____
Spearman, J.