### PURVIS v. PURVIS.  (No. 108/15.)

(Supreme Court, Appellate Division, Fourth Department.  April 28, 1915.)

DIVORCE ⬯160—PROCESS—SUBSTITUTED SERVICE OF SUMMONS—STATUTES.
 Code Civ. Proc. § 438, subd. 4, provides for service by publication or personal service thereof out of the state, specifically including matrimonial actions. Sections 435 and 436 provide for substituted service of a summons, and do not in terms exclude any action. Section 1774 pro-

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vides that no final judgment shall be rendered in matrimonial actions upon the defendant's default, unless either the summons and a copy of the complaint were personally served upon him, or the copy of the summons was delivered to him by personal service or delivered to him without the state, or published pursuant to an order. *Held*, that granting of judgment by default in a matrimonial action was improper, except where service of summons has been made as prescribed by section 1774, so that an order directing substituted service of summons was unauthorized.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 521; Dec. Dig. ☞160.]

Appeal from Special Term, Erie County.

Action by Mabel D. Purvis against James R. Purvis. From an order denying his motion to vacate an order of the Supreme Court, directing substituted service of summons upon him in the action in which the order was granted, defendant, appearing in the action by attorney, specially only, and for the sole purpose of making the motion and for the purpose of this appeal, appeals. Order reversed, and motion granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

William W. Dickinson, of Buffalo, for appellant.
William T. Doane, of Buffalo, for respondent.


PER CURIAM. The action is one for separation. Sections 435 and 436 of the Code of Civil Procedure, which provide for substituted service of a summons issued in any court of record, do not in terms designate any action to which their provisions are not applicable. But, when those sections are read in connection with section 1774, it would seem that they are not intended to apply to matrimonial actions. It is provided in the latter section that a final judgment shall not be rendered in such actions upon the defendant's default in appearing or pleading, unless either the summons and a copy of the complaint were personally served upon the defendant, or the copy of the summons delivered to the defendant upon personal service of the summons, or delivered to him without the state, or published pursuant to an order for that purpose, contains certain words descriptive of the action as therein stated. No mention is made in the section of service of summons in such actions pursuant to an order for substituted service, granted as prescribed in sections 435 and 436, supra. The section providing for service by publication of the summons, or personal service thereof out of the state, specifically includes matrimonial actions. Code of Civ. Proc. § 438, subd. 4. A method of service of summons in such actions is thus provided under circumstances, which, in other actions, might authorize an order for substituted service under sections 435 and 436. We think the effect of the provisions of section 1774, above referred to, is to preclude the granting of judgment by default in a matrimonial action, except in a case where service of summons has been made in the manner therein indicated. If this be so, it would be

idle to provide for a service of summons in a manner the effect of which would be that defendant, by simply omitting to appear, could render service of the summons vain.

The order should be reversed, and motion granted, without costs.