ANTHONY FRENGO, Plaintiff, *v.* JOSEPHINE FRENGO, Defendant.

Supreme Court, Bronx County, May 22, 1930.

*S. S. Feinstein,* for the plaintiff.

BURR, Official Referee. This is an undefended action to annul a marriage. The summons, it appears from the evidence, was served on defendant by substituted service under an order of this court made the 8th day of July, 1929. Such substituted service was effected " by affixing the summons to the outer door of the defendant's residence, No. 34 Hillside Avenue, Borough of Manhattan, City of New York."

The order for substituted service and the substituted service made thereunder were undoubtedly made under the provisions of sections 230 and 231 of the Civil Practice Act. These sections are re-enactments of sections 435 and 436 of the Code of Civil Procedure.

In an action to annul a marriage the service of the summons by substituted service is ineffective and does not confer jurisdiction on the court.

Section 1167 of the Civil Practice Act provides as follows:

" § 1167. Notice of nature of matrimonial action, when required and proof thereof. In an action to annul a marriage or for divorce

or for separation, a judgment shall not be rendered in favor of the plaintiff upon the defendant's default in appearing or pleading, unless either the summons and a copy of the complaint were personally served upon the defendant, or the copy of the summons delivered to the defendant, upon personal service of the summons, or delivered to him without the state, or published, pursuant to an order for that purpose, contains the following words, or words to the same effect legibly written or printed upon the face thereof, to wit: ' Action to annul a marriage; ' ' Action for a divorce; ' or ' Action for a separation; ' as the case may be."

This section is substantially a re-enactment of section 1774 of the Code of Civil Procedure.

In *Purvis* v. *Purvis* (167 App. Div. 717 [Fourth Dept. 1915]) the Appellate Division said:

" PER CURIAM.   The action is one for separation.   Sections 435 and 436 of the Code of Civil Procedure, which provide for substituted service of a summons issued in any court of record, do not in terms designate any action to which their provisions are not applicable. But when those sections are read in connection with section 1774, it would seem that they are not intended to apply to matrimonial actions.   It is provided in the latter section that a final judgment shall not be rendered in favor of the plaintiff in such actions upon the defendant's default in appearing or pleading unless either the summons and a copy of the complaint were personally served upon the defendant, or the copy of the summons delivered to the defendant upon personal service of the summons, or delivered to him without the State, or published pursuant to an order for that purpose, contains certain words descriptive of the action as therein stated.   No mention is made in the section of service of summons in such actions pursuant to an order for substituted service, granted as prescribed in sections 435 and 436, *supra*.   The sections providing for service by publication of the summons, or personal service thereof out of the State, specifically includes matrimonial actions.   ;Code Civ. Proc. § 438, subd. 4.   Id. § 443, subd. 2, as amd. by Laws of 1914, chap. 346.)   A method of service of summons in such actions is thus provided under circumstances which, in other actions, might authorize an order for substituted service under sections 435 and 436.   We think the effect of the provisions of section 1774, above referred to, is to preclude the granting of judgment by default in a matrimonial action, except in a case where service of summons has been made in the manner therein indicated.   If this be so, it would be idle to provide for a service of summons in a manner the effect of which would be that defendant, by simply omitting to appear, could render service of the summons vain."

The ruling in *Purvis* v. *Purvis* was followed with approval by the Appellate Division, Second Department, in *Weiss* v. *Weiss* (227 App. Div. 757 [1929]). It is clear, therefore, that under these decisions the service of the summons in this action is ineffective to confer jurisdiction on the court, and consequently the complaint should be dismissed and the application for a decree of annulment denied.