HERBERT R. COOLEY, as Administrator of the Estate of DONALD COOLEY, Deceased, Respondent, v. GERALD BARNEY, Appellant.— Memorandum: Although service of summons without the State without an order does not become complete until ten days after proof of such service is filed, still the action was commenced at the time of the service of the summons. (See *Cooper* v. *Amehler,* 178 Misc. 844, and *Schram* v. *Keane,* 279 N. Y. 227.) All concur. (Appeal from an order of Yates Special Term, denying defendant's motion to vacate service of a summons and complaint.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

ROCCO ROSETANO, Appellant, v. STATE OF NEW YORK, Respondent.— Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN DOSZTAN, Appellant.— Memorandum: The records before us, including the record of conviction, do not reveal that defendant was ever informed of his rights to have counsel, as required by the mandatory provisions of sections 188 and 308 of the Code of Criminal Procedure. However, the "County Court Minutes," apparently written up by a stenographer, contain the statement "Defendant present with attorney Joseph W. Singer, as counsel." In view of defendant's positive denial that he was represented by this lawyer, or any other lawyer, we feel that the conflicting records (all duly certified) in this respect are inconclusive. He was, therefore, entitled to a hearing. (*People* v. *Richetti,* 302 N. Y. 290; *People* v. *Guariglia,* 303 N. Y. 338.) All concur. (Appeal from an order of Lewis County Court denying defendant's application for an order granting a hearing and for the issuance of a writ of error *coram nobis* vacating a judgment of conviction.) Present — McCurn, P. J., Kimball, Wheeler and Van Duser, JJ.