Louis B. Heller, J.
In this action for separation grounded on cruel and inhuman treatment and abandonment, plaintiff wife moves for an allowance of alimony and counsel fees pendente lite. Defendant husband cross moves to dismiss the action because (a) the complaint was served in violation of section 211 of the Domestic Relations Law and (b) the summons does not have an indorsement as to the nature of the action in compliance with section 232 of the Domestic Relations Law.
Before the application by plaintiff for alimony and counsel fees can be entertained, the cross motion to dismiss must here first be considered. There is no question that the service of the complaint is violative of section 211 and that it must be dismissed (Beanland v. Beanland, 54 Misc 2d 1010). There then remains the question whether the summons, now standing alone and which admittedly does not bear an indorsement notifying the defendant of the nature of the action, must also be.dismissed. Section 232 as pertinent here states: “In an action to annul a marriage or for divorce or for separation, if the complaint is not personally served with the summons, the summons shall have legibly written or printed upon the face thereof: ‘ Action to annul a marriage ’, ‘ Action to declare the nullity of a void marriage ’, ‘ Action for a divorce ’, or ‘ Action for a separation ’, as the case may be. A judgment shall not be rendered in favor of the plaintiff upon the defendant’s default in appearing or pleading, unless either the summons and a copy of the complaint were personally delivered to the defendant, or the copy of the summons delivered to the defendant, upon personal service of the summons, or delivered to him without the state, or published, pursuant to an order for that purpose, contain such notice.” The entire intent and purpose of section 232 (which replaced Civ. Prae. Act, § 1167 and Rules Civ. Prac., rule 53, subds. 9, 10) is calculated to afford a defendant in a matrimonial matter notice that an action has been commenced against him which may result in a decree altering or terminating his marital status and so that no judgment on default may be entered without such knowledge on his part.
The requirement that a summons bear such notice only if no complaint be served with it makes it clear that the purpose of the notice is to alert the defendant as to the nature of the action. Section 232 predates the new section 211 which forbids service of the complaint with the summons in a separation action and which is part of the new Divorce Reform Law. Service *783 here made would have been completely valid and effective prior to September 1, 1967. I do not believe that the prohibition against service of the complaint not only voids the pleading but also the summons in a situation such as this. The defendant has been adequately apprised of the nature of the action. He is represented by counsel and has even offered opposition on the merits to the application for alimony and counsel fees. There are those who even feel that the ban on pleading in separation actions was inadvertently inserted in section 211, that it was never intended to apply to such actions, and that service of the complaint be permitted with the summons (Cohen v. Cohen, 55 Misc 2d 721). I have my own opinion on that score (Berman v. Berman, N. Y. L. J., Nov. 13, 1967, p. 24, col. 1), but that view does serve as a further argument against dismissing an action as here on an ultra-technical objection (See Stern v. Stern, N. Y. L. J., Jan. 22,1968, p. 17, col. 8, and Berkowitz v. Berkowitz, N. Y. L. J., Oct. 20,1967, p. 20, cols. 7, 8, for this court’s opinion of hyperlegalistic maneuvers which accomplish nothing but inundating busy practitioners with unnecessary paper work). The cross motion is accordingly denied, and sua sponte, the summons is deemed amended nunc pro tunc to contain the legend “ Action for a Separation ”.
Having disposed of the cross motion, we come now to plaintiff’s application for support and counsel fees.
The parties herein were married in 1952 and have no children.
Defendant is employed as a counterman in a kosher delicatessen and earns, he states, $115 a week plus his lunch. Defendant’s affidavit does not indicate whether that is his gross or take-home pay. The plaintiff is also employed, with a take-home salary of $93 a week, and is presently living in her parents’ home.
Since plaintiff has sufficient funds with which to maintain herself during the pendency of the action, the motion for alimony pendent lite must perforce be denied, without prejudice to application for that relief to the trial court (Katzman v. Katzman, 28 A D 2d 1134; Kaplan v. Kaplan, 25 A D 2d 563, and cases cited therein; Light v. Light, 29 A D 2d 540).
The fixation of counsel fee is referred to the trial court, and on account of the fee to be so fixed, plaintiff is awarded the sum of $400, payable $200 within 10 days after service of a copy of the order to be entered hereon, and the balance when the case first appears on the Ready Day Calendar. Defendant is directed to file a note of issue placing this action on the calendar as soon as it is possible to do so.