John A. Garbarino, J.
The petitioner in this matrimonial proceeding is a recipient of public assistance from the New York Department of Social Services. In the above-entitled proceeding, she originally sought an order compelling either the City of New York or the State of New York to pay the cost of service of a summons for divorce by publication.
The court is aware that in matrimonial actions there is no provision for substituted service, and that CPLR. 316 and section 232 of the Domestic Relations Law call for publication of a summons when personal service within or without the State is not feasible. The problem that arises in the instant proceeding is one which clearly will have application in many present and future cases involving known indigents on public welfare.
*411 The Supreme Court of the United States, in Boddie v. Connecticut (401 U. S. 371), specifically called for and, in fact, mandated relief when it was shown that a litigant in a divorce proceeding could be foreclosed from obtaining her divorce simply because of her inability to pay the cost of publication. The court in that same opinion further stated that publication is perhaps the method of service least calculated to bring to a potential defendant’s attention the fact that there is a proceeding pending against him. Due process, further said the court, is satisfied when in a matrimonial case such as this, service is made at the defendant’s last known address by mail and by posting a notice of the pendency of the proceeding in a public place best calculated to come to the attention of the intended defendant. Certainly, any method devised for bringing notice of the impending action to the potential defendant should be one that is reasonably calculated to give him notice of such proceeding.
The court feels that subdivision 5 of CPLB. 308 provides a viable alternative to CPLB 316 and section 232 of the Domestic Relations Law. Subdivision 5 is relatively new. It has no antecedent in the Civil Practice Act. Its purpose is to give the court discretion to authorize special modes of service when the statutorily prescribed avenues have been exhausted unsuccessfully. So long as the court devises methods that are reasonably calculated to give the defendant notice of the law suit and an opportunity to be heard, no constitutional problem should arise. (Milliken v. Meyer, 311 U. S. 457.)
Subdivision 5 of CPLB 308 offers possibilities to the court that are virtually unlimited. Exercise of this discretion should be founded however, first on a proper showing that bona fide attempts at the prescribed customary service have failed and, of course, that a basis for jurisdiction exists before the application is made. Subdivision 5 of CPLB 308, is purely a notice statute and does not, of course, confer jurisdiction. Jurisdiction must exist prior to the granting of relief under this subdivision of the statute. In this case, both on the papers and based upon extensive argument on the motion before this court, it was clearly demonstrated that the petitioner is properly before this court, that jurisdiction exists, and that the petitioner has exercised due diligence in attempting to serve the defendant personally.
The court, therefore, feels that the proper foundation for the exercise of its discretion exists and hereby directs that, in lieu of publication, valid service can be effected as follows: By *412 the petitioner mailing a copy of the summons to the defendant, William Prince, at the address supplied by the Desertion Unit of the Department of Social Services of the City of New York, 4324 Dumaine Street, New Orleans, Louisiana, a copy of the summons to the defendant’s last known employer, American Metal Works, Inc., 331 North Alexander Street, New Orleans, Louisiana 70019, and a copy of the summons to the defendant’s sister, Mrs. Virginia Little, 1455 Sharon Drive, Mobile, Alabama 36618.
By virtue of this determination, the court feels there is no necessity to pass upon the relief requested by the petitioner in the motion before it, namely, as to whether payment for publication will be made by either the City or the State of New York.