Bernard F. McCaffrey, J.
In February, 1971, plaintiff made application to this court for leave to serve the defendant by publication and for permission to proceed as a poor person. Though service was made on the County of Nassau, they neither appeared nor opposed the application. By decision dated February 17, 1972, this court (McCaffrey, J.) granted the application to serve the defendant by publication, but denied the application to proceed as a poor person. The court held therein that the moving papers were deficient. 1 ‘ Plaintiff sets forth in her affidavit that she has been employed by the Westbury Board of Education as a secretary at an annual salary of $5460.00 since October 1971 and in addition thereto received supplemental public assistance to augment her income to spend upon such work related expenses, such as baby-sitting, car fares, lunches, etc., but nowhere in the moving papers does she set forth the amount of supplemental income.”
In the application now before the court service was made upon both the County of Nassau and State of New York, neither has appeared or opposed the application. The plaintiff in her affidavit has now furnished the court with the required data as to amount and sources of her inc'ome and her property and its value. The affidavit declares that the plaintiff resides with her four infant children in a one-family house in Westbury, which she owns as tenant by her entirety with her absent husband, valued at $25,000, and is encumbered by a first mortgage with a present balance of approximately $15,000. The mortgage payments are $219 per month. Plaintiff is presently employed as a secretary and earns the sum of $105 ($99 net) weekly. In addition, she receives supplementary public assistance from the Nassau County Department of Social Services in the amount of $264 per month. In her affidavit she sets forth that she has no bank account, owns no stocks, bonds, life insurance policies, or real estate (other than marital residence). She further states that she “ owns no personal property other than the furniture or clothing necessary for barest survival ”, and has no other resources or sources of income. The plaintiff further sets forth that she does not receive the $100 per week support set by the Family *1047 Court, as her husband has absented himself from his home and family continuously since April, 1969. The court herein does not hold that all persons who are in the same financial status as the plaintiff, Gloria M. Lancer, are as a matter of law 11 poor persons ”, pursuant to CPLE 1101. Also, the fact that a person has been approved by the Social Services Department to receive supplemental public assistance and/or that she is qualified to be represented by the Nassau County Law Services does not conclusively mean that the individual meets the standards and requirements of CPLE 1101 for purposes of proceeding as a poor person. For, as this court stated in the decision of February 17, 1972 (supra): “ the standards required by CPLE 1101 (subd. [a]) and the contents of the affidavit are derived from section 199 of the Civil Practice Act and rules 35 and 37 of the Eules of Civil Practice to the extent of eliminating an arbitrary limitation that the individual is not worth $300 in cash or available property besides the wearing apparel and furniture necessary for one’s self and family and replacing same with the requirement that the affidavit set forth ‘ the amount and sources of his income ’ and list ‘ his property with its value ’. The purpose of this modification by the Legislature was to place the actual facts of the moving party’s financial position before the court and to enable the court to ascertain more easily whether permission to proceed as a poor person should be granted. (CPLE 1101; Practice Commentary — Kochey; Official Eeports to Legislative 2nd Eeport Leg. Doe.)
“ Granting permission to a moving party to prosecute an action as a poor person rests in the sound discretion of the court in which the motion for such relief is made (Smith v. Smith 2 N Y 2d 120). For though where the interests of justice so requires the relief to prosecute an action as a poor person should be granted, however, the court is not required to give pro forma approval to any relief which requires the expedition of public funds and adequate facts must be shown in the moving papers as required by CPLE 1101 prior to granting said relief. The fact that the plaintiff receives supplemental public assistance and that the Nassau County Law Services Committee, Inc. has consented to represent her without fee indicates only that she meets the criteria required by them, however, it does not necessarily follow that plaintiff would be entitled to prosecute this action as a poor person pursuant to CPLE 1101.
“ It may very well be that upon a proper showing the plaintiff may be able to set forth sufficient facts to entitle her to the *1048 relief requested, but on the basis of the moving papers before the court she has failed to do so. ’ ’
Though the court has a responsibility to be certain that adequate inquiry is made in matters relating to the expenditure of public funds, it also has an equal responsibility to be certain that the accessibility to the courts is not prevented by a person’s lack of funds. Therefore, .regardless of practical or policy problems, it is essential that all the parties assist the court in arriving at a proper determination by the submission of adequate moving papers, otherwise, it may become necessary to set these matters down for a hearing for purposes of taking-testimony. Needless to say this procedure should, if possible, be avoided as it adds one more burdensome task to the case load of the court and places the court in the undesirable position of assuming to some extent the role of advocate as well as judge. Nor should a person have to be shorn of all human dignity in seeking and obtaining- such relief when justified.
The court notes that, though service was made in this instance on both the county and the State, neither has appeared to either support or oppose the application. The court further notes that, though it has a concern in these matters, the governmental bodies involved have not only a concern but a direct responsibility as to the expenditure of public funds. However, it does not follow that it is incumbent upon them to oppose these applications, for to the contrary where after adequate administrative review the application is found to be justified it should then be fully supported and, where deemed to be an improper claim for the payment of public funds, then it should with equal vigor be opposed. Also, by so doing it might help to ease some of the procedural problems in connection with processing these claims. In either event an appearance should be made by all parties, and moving papers submitted containing factual data to assist the court in making a proper and expeditious determination in these matters.
In the instant application the plaintiff’s assertion that she has no funds, nor owns any personal property other than the furniture and clothing necessary for barest survival, and has no other sources of income other than stated therein remains uncontroverted. Though this fact alone does not mandate a determination that plaintiff meets the requirements of OPLR 1101, it nevertheless, in the absence of any contradictory facts, is a compelling reason for the court to so hold.
For the court in making A determination under OPLR 1101 should construe the term 11 poor person ” as a relative concept, *1049 not in its strict dictionary definition, and determine its application on its own particular facts and merits. For a person may, under certain circumstances, as herein, he a property owner and wage earner and yet qualify to sue as a poor person. For it is not the purpose of CPLR 1101 that a person should he devoid of all property in order to qualify thereunder asa“ poor person”. Each application must be determined on its individual merits and the test to be applied is whether, upon the particular facts presented, the court determines that the individual neither possesses nor has available to him sufficient funds to maintain the court action, and that, if relief is not granted pursuant to CPLR 1101, he will in effect be precluded from access to the courts.
Thus, applying this test and on the basis of the moving papers of the plaintiff, the court herein grants the application of the plaintiff, Gloria M. Lancer, to proceed as a poor person in the said matrimonial action and the State of New York is directed to pay the cost of publication by substituted service. The court determines that the County of Nassau is not responsible for the cost of publication herein, as that is the sole responsibility of the State in that section 1 of article XVII of the State Constitution provides that this is a State charge as the same has not been delegated to the county. Jeffreys v. Jeffreys (58 Misc 2d 1045, revd. 38 A D 2d 431) wherein the Appellate Division, Second Department, reversed the lower courts holding that the city was responsible for the cost of publication and instead placed the responsibility upon the State.
The second aspect of plaintiff’s motion is that the court in the exercise of its discretion, pursuant to subdivision 5 of CPLR 308 directs that service be made upon the defendant by mail, in lieu of service by publication.
The application is denied.
This is a matrimonial action and section 232 of the Domestic Relations Law specifically prohibits entrance of a default judgment unless service as contained therein is adhered to. Further, CPLR 308 (subd. 4) specifically prohibits in matrimonial actions service by mail acceptable in other lawsuits.
The court is aware of the recent discretionary methods of service adopted in the decision favoring service by mailing pursuant to authority of CPLR 308 (subd. 5). However, the court feels that CPLR 308 (subd. 4) prohibits the same in matrimonial actions and, if the Legislature was desirous of affording plaintiff in this manner of service in matrimonial actions, it *1050 would have specifically included this method in section 232 of the Domestic Relations Law.
In Jeffreys v. Jeffreys (58 Misc 2d 1045,1051, supra), the court stated: “ An action for divorce is fundamentally diíferént from actions in contract or concerning real property. The latter may be brought or not brought; they may be settled out of court. But our State Constitution (art. I, § 9) mandates that divorces may be granted only by ‘ due judicial proceedings. ’ Furthermore State statutes dictate who may marry; by whom the marriage may be performed; the obligations of the parties during marriage; the grounds for separation or divorce and the obligations of the parties after the termination of the marriage. For all purposes the State is very much a ‘ partner ’ to a marriage and a ‘ party ’ in a matrimonial action. ’ ’
The court said further {supra, p. 1056): “ Marriage is clearly marked with the public interest. In this State, a marriage cannot be dissolved except by ‘ due judicial proceedings ’ (N. Y. Const., art. I, § 9).”
Thus, the change in the mode of service, if any, should be made by the Legislature and not the court.
The court notes the dicta of the Supreme Court in Boddie v. Connecticut (401 U. S. 371, 382 [1971]), in which they stated: “ We think in this case service at defendant’s last known address by mail and posted notice is equally effective as public-cation in a newspaper.”
However, as noted, unless the Legislature determines otherwise this court lacks the necessary discretionary authority. Furthermore, on the facts presented the court herein determines that the continued existence of the defendant is unknown and that he has made it impossible for the plaintiff, acting with due diligence, to serve him within or without the State.
Therefore, the court, on its own motion, amends the prior determination of February 17, 1972 to include, in addition to service by publication prescribed by CPLR 316, mailing copies of the summons to defendant’s last known address, 640 South Main Street, Los Angeles, California, and also mailing copies of the summons to his brother, Dave Lancer at 6907 Blue Bell Avenue, North Hollywood, California.