Edwabd S. Conway, J.
This is an action for divorce brought by Patricia Deason against her husband, Richard Deason, upon the ground of abandonment (Domestic Relations Law, § 170). The present application before this court is for leave to serve the summons upon the defendant by judicially devised means pursuant to .subdivision 5 of CPLR 308 in lieu of personal delivery (CPLR 308, subd. 1) or publication (CPLR 316).
This case comes to me with a history of litigation going back more than a year. On February 18, 1972, the plaintiff moved for permission to proceed as a poor person and to require the County of Albany to pay the cost of serving the summons by publication on the ground that the defendant could not be located. The motion was opposed by the county, and by order of Special Term at Troy, New York, dated April 28, 1972, was in all respects denied.
Mrs. Deason appealed this ruling to the Appellate Division, Third Department. That court, on August 3, 1972, reversed Special Term’s denial of poor, person relief and ordered that Albany County pay the cost of publishing the summons. (Deason v. Deason, 39 A D 2d 331.)
From this order the County of Albany appealed to the Court of Appeals, which affirmed the decision of the Appellate Division in Deason v. Deason (32 N Y 2d 93 [March 22, 1973]). The Court of Appeals ruled that the cost of publishing the summons in the circumstances of this case must be borne by the government in order to prevent an indigent divorce plaintiff from being denied access to court in violation of the Fourteenth Amendment’s Due Process Clause, citing Boddie v. Connecticut (401 U. S. 371) as controlling. It also held that as a matter of State law the county, rather than the State, is the appropriate governmental entity to bear the expense of publication, a question that until then had split the four Appellate Divisions (Deason v. Deason, 39 A D 2d 331, supra [3d Dept., 1972] [county]; McCandless v. McCandless, 38 A D 2d 171 [4th Dept., 1972] [county]; Albino v. City of New York, 39 A D 2d 853 [1st Dept., 1972] [State]; Jeffreys v. Jeffreys, 38 A D 2d 431 [2d Dept., 1972] [State]).
The court did not, however, explicitly decide the issue before me today — whether New York statutes permit service to be made in a matrimonial action by judicially devised means under subdivision 5 of CPLR 308 in lieu of publication — an issue addressed by the Legal Aid Society of New York City in an *966 amicus curiae brief to the Court of Appeals in this case. Instead, the court (p. 95) invited the parties to apply for such relief in this court “if so advised “We are not unmindful, however, of the cost of publication in a matrimonial action and the burden it may impose on local government. Our affirmance is, therefore, without prejudice to the parties, if so advised, to apply for a determination whether, in a matrimonial action, judicially devised service (CPLE 308, subd. 5) is available as an alternative to service by publication. (See, also, Domestic Relations Law, § 232, Albino v. City of New York, 39 A D 2d 853 [Kupferman and Murphy, JJ., concurring]; Prince v. Prince, 69 Misc 2d 410; McLaughlin, Trends and Developments in New York Trial Practice, N. Y. L. J., April 14, 1972, p. 4, col. 1; 11 Zett-Edmonds-Schwartz, N. Y. Civil Practice [Weinstein, Korn and Miller], N. Y. Civ. Prac., § 5.01, subd. [2].) ”
In response to this invitation, both the plaintiff and the County of Albany have joined in this request that service be made by mailing the summons to the defendant in care of his mother, Stella Krom, E. D. No. 2, Box 130, Accord, New York, and to his sister, Marian Donnelly, Stony Kill Eoad, Accord, New York. The plaintiff asserted in her affidavit that such means would be more effective in giving notice of the action to the defendant than publication in a local newspaper, since he has not been seen in this area for the past three years. This court agrees. It is beyond dispute that service of the summons by mailing to the addresses of a defendant’s relatives satisfies the demands of procedural due process in cases, like this one, where, a plaintiff has demonstrated that he or she has exhausted all reasonable possibilities of serving the summons personally. (Boddie v. Connecticut, 401 U. S. 371, 382, supra [1971]; Dobkin v. Chapman, 21 N Y 2d 490 [1968].)
In this connection, Dean Joseph M. McLaughlin has written: ‘ ‘ It should always be remembered that service by publication is unavailable in any action unless every other conceivable method of service has been tried in vain. Among the other methods of service that should first be tried is service under CPLE 308 (5), i.e., the plaintiff should petition the court to authorize a method of service which the court believes is more likely than mere publication to apprise the defendant of the action.
“ The only limit upon the court’s power is imposed by due process, and if the court is persuaded that mailing the summons to a particular address is more likely to bring the action to the defendant’s attention than a service by publication, then it will, *967 and constitutionally must, order such a mailing in preference to service by publication.” (N. Y. L. J., April 14, 1972, p. 1, col. 1; p. 4, col. 1.)
Of course, there is no question that substituted * ‘ nail and and mail” service is expressly prohibited in matrimonial actions. (CPLR 308, subd. 4.) That fact, however, does not preclude the court under subdivision 5 of CPLR 308, from authorizing service by mailing or other appropriate method. The distinction is that “nail and mail” substituted service ipay be made by a plaintiff without prior court authorization, whereas service under subdivision 5 of CPLR 308 may only be made upon motion to the court and a proper showing of necessity. The difference is much more than a formal one: in order to obtain service by a method under subdivision 5 of CPLR 308, the plaintiff has a heavy burden to show that an exhaustive search has been made for the defendant (cf. Mercado v. Mercado, N. Y. L. J., April 12, 1972, p. 17, col. 4), that all other permissible methods of service are impracticable, and, of course, that the method contemplated comports with the requirements of procedural due process. The court then has immediate control over the mechanism of the process service, and will only exercise its discretion under subdivision 5 of CPLR 308 when it is clearly warranted by the peculiar facts and circumstances of the case. This power in no way defeats the purpose and effect of the law prohibiting substituted service in matrimonial actions by a plaintiff without court supervision.
The fact that in a given case the method of service fashioned by the court upon a subdivision 5 of CPLR 308 motion, might include mailing, or even “ nailing ”, is merely fortuitous, since the important fact is that the court has tailored the means to the particular facts of the case. The method devised may or may not include all the mechanisms of “ nail and mail ” substituted service, and, of course, it may include completely different ones as well.
On its face, of course, CPLR 308 only precludes the use, in matrimonial actions, of the three forms of substituted service specified therein (subds. 2, 3 & 4), leaving service by personal delivery (subd. 1), or an alternative method fashioned by the court (subd. 5), available in all types of actions including, presumably, matrimonial cases. Moreover, there is no indication of legislative intent to extend the matrimonial exclusion to subdivision 5.
Nor can it be said that section 232 of the Domestic Relations Law prohibits service in matrimonial actions other than by *968 personal delivery or publication. (Cf. Jeffreys v. Jeffreys, 38 A D 2d 431, 433.) While that statute has been cited on numerous occasions for the proposition that substituted service is not permissible in matrimonial actions (see, e.g., Purvis v. Purvis, 167 App. Div. 717 [4th Dept., 1915]; Weiss v. Weiss, 227 App. Div. 757 [4th Dept., 1929]; Root v. Root, 43 Misc 2d 337 [Sup. Ct., Westchester County, 1964]), alternative service under subdivision 5 of CPLR 308 is not “ substituted service ” either in form or substance.
As to whether section 232 of the Domestic Relations Law, beyond prohibiting substituted service, also prohibits court-authorized alternative service under subdivision 5 of CPLR 308, I hold that it does not.
First, it is to be noted that-the thrust of section 232 of the Domestic Relations Law is not to prescribe methods of service. As its caption states, it deals with the form of a notice that is to be incorporated into the summons, in order to clearly advise the defendant of the nature of the action against him. (Albino v. City of New York, 39 A D 2d 853 [1st Dept., 1972], [concurring opn. of Kupferman, J. P. and Murphy, J.].) The predecessors of section 232 go back to the 19th century, and it has consistently been held that the purpose of the section was and is to prevent fraud by giving notice to a defendant of the nature of the action. (Rudolph v. Rudolph, 12 N. Y. S. 81 [Super. Ct. of Buffalo, 1890]; Braham v. Braham, 91 Misc. 151 [Sup. Ct., N. Y. County, 1915]; Martin v. Martin, 38 Misc 2d 836 [Sup. Ct., Kings County 1968]; Apploff v. Apploff, 55 Misc 2d 781 [Sup. Ct., Kings County, 1968].)
“ The entire intent and purpose of section 232 * * * is calculated to afford a defendant in a matrimonial matter notice that an action has been commenced against him which may result in a decree altering or terminating his marital status * * * The purpose of the notice is to alert the defendant as to the nature of the action.” (Apploff v. Apploff, 55 Misc 2d 781, 782, supra).
In the context of this clear meaning and intent, section 232 of the Domestic Relations Law should not be allowed to eclipse the primary provisions of law governing permissible methods of service, i.e., CPLR 308 et al. Moreover, by the terms of section 232 itself, it is unnecessary to conclude that every method of Service other than personál delivery and publication is precluded in matrimonial actions.
Finally, there is the question of jurisdiction. Alternative service under subdivision 5 of CPLR 308 in no way implies an *969 enlargement of judicial power or the conferring of jurisdiction upon the court where none existed before. As it was stated in Prince v. Prince (69 Misc 2d 410, 411): “Jurisdiction must exist prior to the granting of relief under this subdivision of the statute.” In other words, the court must satisfy itself first, that it has subject-matter jurisdiction (Hunt v. Hunt, 72 N. Y. 217, 230 [1878], app. dsmd. 24 L. ed. 1109), and second, that it has either jurisdiction in rem (over the matrimonial res), or jurisdiction in personam (over the person of the defendant). (Geary v. Geary, 272 N. Y. 390, 399 [1936].)
As in divorce cases commenced by any other form of service, including publication, the court will acquire in rem jurisdiction, sufficient only to alter or dissolve the marriage relationship (Rodgers v. Rodgers, 32 A D 2d 558 [2d Dept., 1969]) if the matrimonial res is present here— and the res is present if one spouse is domiciled here. (Lowe v. Lowe, 41 Misc 2d 258 [Sup. Ct., Bronx County, 1963].) In addition, it will acquire personam jurisdiction, necessary to determine questions of alimony, child support, custody and counsel fees (Reschofsky v. Reschofsky, 272 App. Div. 694 [1st Dept., 1947]; Matter of Guyette v. Haley, 286 App. Div. 451 [3d Dept., 1955]; Baum v. Baum, 62 Misc 2d 305 [Sup. Ct., Queens County, 1970]), only if the basis of such jurisdiction exists in fact, i.e., if the defendant is a domiciliary of New York (CPLR 313) or perhaps, if a separation agreement was entered into between the parties in New York. (CPLR 302, subd. [a], par. 1); Kochenthal v. Kochenthal, 28 A D 2d 117 [2d Dept., 1967]; contra Willis v. Willis, 42 Misc 2d 473 [Sup. Ct., N. Y. County, 1964].)
Consequently the method of service — be it by in-hand delivery, publication or alternative service under subdivision 5 of CPLR 308 — does not affect the jurisdiction of the court; assuming, of course, that the method utilized comports with the requirements of due process. Since the question whether the court will obtain personam jurisdiction over the defendant or rem jurisdiction only is independent of the method of service used, but depends solely on the basis of jurisdiction (in matrimonial cases the domicile of the defendant), it can be seen that the subdivision 5 of CPLR 308 procedure will not result in any lesser advantage for matrimonial litigants, be they plaintiffs or defendants.
Accordingly, the plaintiff’s application to serve the summons herein by mailing to the defendant’s mother and to his sister at their respective addresses is granted. Service shall be deemed complete upon the filing of a proper affidavit of service.