Louis B. Heller, J.
Plaintiff, suing as a poor person in this divorce action, asks to serve the summons by publication and for the City of New York to pay the cost.
The city, recognizing that in .such .case publication costs may be imposed on it (Deason v. Deason, 32 N Y 2d 93), asks the court to fashion, and direct, a method of service under CPLR 308 (subd. 5) as an alternative to service by publication.
Civil Practice Law and Rules are to be liberally construed for the just, speedy and inexpensive determination of civil judicial proceedings (CPLR 104). Personal service of the summons upon a natural person may be made in one of five ways except that methods 2, 3 and 4 may not be used in matrimonial actions (CPLR 308). Of the remaining methods, No. 1 (not practicable in this case) calls for service within the State by delivery to the person to be served while No. 5 (judicially devised) permits the court to direct the method to be used.
The parties were married in New York on August 19, 1960 and some 11 years later in 1971 defendant husband abandoned plaintiff. She has neither seen nor heard from him since then, nor does she know where he lives, except that in July, 1972 she received a postcard from him bearing the return address, 131N. E. 11th Street, Miami, Florida. Letters addressed to him there were returned, indicating he no longer resides there. The Sheriff of Dade County, Florida, was unable to effect service on him at that last known Florida address because he could not be found there. A search discloses that defendant is neither on active duty with any of the armed services nor the owner of a motor vehicle of record registered in his name, nor the holder of a motor vehicle operator’s license with the Commonwealth of Puerto Rico (where he was horn) Bureau of Motor Vehicles, or the State of Florida Department of Public Safety and Motor Vehicles. A New York State motor vehicle search discloses that he holds a chauffeur’s license designating 315 Livonia Avenue, Brooklyn, New York, as his address. However, that address is plaintiff’s address and the parties’ marital residence. No listing in defendant’s name appears in the Manhattan and Bronx telephone directories and inquiries of persons bearing the same name (Manuel Arroyo) listed in the Queens and Brooklyn, New York City, and in the Miami, Florida, telephone directories either elicit no response or that they are not the defendant, or that he is -unknown at those addresses, and in one instance, *654 directory assistance would not supply the address of a Manuel Arroyo of N. E. 11th Street, Miami, Florida. In another instance, a letter addressed to Manuel Arroyo at 812 N. W. 22nd Place, Miami, was returned marked “ Addressee unknown,” the envelope indicating* that the Post Office had attempted delivery at two other addresses: 47 N. W. 47th Avenue and 260 N. W. 45th Avenue, Miami, Florida. Letters sent to both those addresses and to 11240 S. W. 48th Street and 6755 S. W. 54th Street, Miami (also listed in the name of Manuel Arroyo) elicited no response. Attempts to reach defendant’s only known relative, a cousin, and another person, the witness to the parties’ marriage, were also unsuccessful.
When the whereabouts of a prospective defendant are unknown, publication is not the only available method of service (Albino v. City of New York, 39 A D 2d 853). CPLR 308 (subd. 5) may serve as the vehicle by which the court can exercise the power to fashion a remedy to give indigents access to •the court (Dobkin v. Chapman, 21 N Y 2d 490). Based on the facts of each case the court can decide which alternative to publication is best calculated to advise defendant of the pendency of the proceedings.
Nothing in section 232 of the Domestic Relations Law precludes use of alternate methods of service. That section prescribes the requisite notice as to the nature of the action that must be given before a default judgment may be rendered. It does not deal with the method of service, which is covered by article 3 of the CPLR (Albino v. City of New York, supra). Nor does it preclude the court from judicially devising another method of service in lieu of service by publication.
There is no constitutional prohibition against court-devised methods of service as long as they are reasonably calculated to give defendant notice of the lawsuit and an opportunity to be heard (Milliken v. Meyer, 311 U. S. 457). CPLR 308 (subd. 5) is purely a notice, not a jurisdiction-conferring, statute. Present a basis of jurisdiction, an expedient order under CPLR 308 (subd. 5) may be framed.
Contrary views have emerged. In one case judicially devised service was authorized and plaintiff was permitted to effect service by mailing a copy of the summons in a matrimonial action to the address supplied by the Desertion Unit of the Department .of Social Services of the City of New York, another copy to defendant’s last known employer and a third, to defendant’s sister, on plaintiff’s showing that she was unable to effect *655 personal .service on defendant (Prince v. Prince, 69 Misc 2d 410 [Richmond County, 1972]). However, in another case, decided a few months later, the court reached a contrary conclusion and refused to allow service, by mailing the summons, to be effected pursuant to CPLR 308 (subd. 5) in lieu of service by publication (Lancer v. Lancer, 70 Misc 2d 1045 [Nassau County, 1972]).
When personal service on the defendant within or without ■the state is impracticable, CPLR 308 (subd. 5) offers a viable alternative to service by publication (Diggs v. Diggs, 43 A D 2d 912). To utilize subdivision 5 there must be a proper showing that bona fide attempts at the prescribed customary service have failed and that a basis for jurisdiction exists. Such showing is made here.
The Supreme Court of the United States recognized in Boddie v. Connecticut (401 U. S. 371) that publication is perhaps the -method of service least calculated to bring to a defendant’s attention that a proceeding is pending against him. It also recognized that due process is satisfied in a matrimonial action if service is made at defendant’s last known address by mail and by posting a notice of pendency of the proceeding in a public place best calculated to come to the intended defendant’s attention. Certainly any judicially devised method to bring notice of the impending action to the potential defendant should be reasonably calculated to give him notice of the proceeding (Prince v. Prince, 69 Misc 2d 410, supra).
Deason (32 N Y 2d 93, supra) clearly points the way. The court (p. 95) there was “ not unmindful, however, .of the cost of publication * * * and the burden it may impose on local government. ’ ’ Its affirmance was " without prejudice to the parties, if so advised, to apply for a determination whether, in a matrimonial action, judicially devised service (CPLR 308, subd. 5) is available as an alternative to service by publication ”, citing Prince (supra) and Albino (39 A D 2d 853, supra) with approval.
It appearing that there is a valid basis for the court to exercise its discretion under CPLR 308 (subd. 5) by fashioning a method of service suitable to this case, service of the summons may be effected by mailing copies of the summons, bearing the proper endorsement, to defendant at 131 N. E. 11 Street, Miami, Florida, his last known address, and to 47 N. W. 47th Avenue, 260 N. W. 45th Avenue, 11240 S. W. 48th Street, and 6155 S. W. 54th Street, all of Miami, Florida.
*656 Under the circumstances, the court does not pass on the issue whether the City -of New York need pay for the cost of serving the summons by publication.
Plaintiff’s motion is granted to the extent indicated.