OPINION OF THE COURT
Bernard F. McCaffrey, J.
The cardinal issue to be resolved in this matter is whether this court shall reconsider its prior determination which initiated a procedure to allow an individual who affirms he is *624 unable to pay the prescribed index number filing fee, and to ex parte be issued an exempt index number.
The petitioner is a welfare recipient whose assistance has been reduced by respondents from $309.65 to $245.65. Petitioner made an ex parte application to this court for permission to proceed as a poor person. That application was granted by order of this court and provided in part as follows:
"ordered that personal service of a copy of this Order and the papers upon which it is granted shall be made upon the Nassau county attorney on or before the 1st day of June, 1978, and it is
"ordered that the Nassau county attorney shall have leave to oppose this application for poor persons relief until the 6 day of June, 1978; and it is ordered
"That upon any subsequent finding of this court that petitioner is not entitled to poor persons relief, all such relief granted herein will be vacated, and petitioner shall be required to pay all fees necessary to prosecute this proceeding”.
It should be noted that the court is not ex parte granting unqualified status to the petitioner to bring these proceedings as a poor person, rather it is intended to be a furtherance of the legislative intent to establish a vehicle where no person would be prevented from access to the courts to seek a judicial determination to proceed as a poor person because of a lack of funds.
Thereafter, respondent, D’Elia, moved to vacate the court’s order granting petitioner leave to sue as a poor person. It is the respondent’s contention that an application for poor person relief must be made on notice to the County Attorney as well as the Attorney-General.
Under prior case law, there was no requirement of notice to any county official and an ex parte application for poor person relief was deemed proper. (See Rosetano v State of New York, 208 Misc 352, affd without opn 286 App Div 1151, app dsmd 5 NY2d 932.) However, the Court of Appeals in Smith v Smith (2 NY2d 120) realistically noted that the omission of prior notice may deprive a county of due process where there is an expenditure of county funds.
CPLR 1101 (subd [c]) was amended by chapter 455 of the Laws of 1966, to read as follows: “If an action has already been commenced, notice of the motion shall be served on all parties, and notice shall also be given to the county attorney *625 in the county in which the action is triable”. (Emphasis supplied.)
The above-cited provisions of the CPLR do not require notice to the County Attorney, or to a party, prior to the commencement of an action or proceeding. (See 21 Carmody-Wait 2d, NY Prac, § 127.17; Matter of Sanchez, NYLJ, Aug. 29, 1972, p 15, col 8.)
The order by this court granting ex parte relief under CPLR 1101 (subd [a]) does not serve as an order under CPLR 1102 (subd [b]) entitling the poor person to a stenographic record at county expense. (See Matter of Sanchez, supra.)
The respondent, D’Elia, cites Matter of Nassau County Law Servs. Committee (NYLJ, July 7, 1978, p 15, col 6) for the proposition that notice should be given to the County Attorney prior to the commencement of the action. The case at bar is clearly distinguishable from the case cited by the respondent where Mr. Justice Niehoff denied an application by Nassau County Law Services Committee, Inc. for a blanket authorization to proceed in forma pauperis on behalf of its clients. In this instance the court is concerned only with an individual application for poor person relief.
In support of their contentions the petitioner repeatedly cited this court’s prior determination in Lancer v Lancer (70 Misc 2d 1045, 1049) and the court reaffirms the test for such relief as follows: "Each application must be determined on its individual merits and the test to be applied is whether, upon the particular facts presented, the court determines that the individual neither possesses nor has available to him sufficient funds to maintain the court action, and that, if relief is not granted pursuant to CPLR 1101, he will in effect be precluded from access to the courts.”
Petitioner claims he is unable to pay the fee for an index number. Petitioner further states in his affidavit that his sole income is his public assistance grant, and that he has no other income or assets other than furniture and clothing necessary for barest survival. These facts are uncontroverted and support the granting of petitioner’s ex parte application.
The court has a dual responsibility to ascertain that adequate inquiry is made in matters relating to the expenditure of public funds, and to insure that accessibility to the courts is not prevented by a person’s lack of funds.
The test of discrimination is whether the poor person has *626 " like access to the courts of the country for the protection of their persons and property’ (See Truax v Corrigan, 257 US 312, 334; Jeffreys v Jeffreys, 58 Misc 2d 1045, 1052.)
The application by petitioner does not involve any expenditure of public funds, but seeks only the assignment of an exempt index number. Petitioner is being deprived of his day in court simply because he is unable to pay the filing fee required to initiate the proceeding. The judicial process cannot be made available to some individuals and denied to others simply because a fee cannot be paid. (See concurring opn of Mr. Justice Brennan in Boddie v Connecticut, 401 US 371, 386.) At this time, the petitioner does not seek any expenditure of public moneys, nor is any such expenditure contemplated.
This court provided the County of Nassau with notice and an opportunity to controvert petitioner’s application. The County Attorney has not offered any evidence to controvert the petitioner’s qualifications to proceed as a poor person, but has directed arguments only as to the procedural device adopted by this court.
Thus, as this court stated in Lancer v Lancer (supra, p 1048), "Though the court has a responsibility to be certain that adequate inquiry is made in matters relating to the expenditure of public funds, it also has an equal responsibility to be certain that the accessibility to the courts is not prevented by a person’s lack of funds.” The procedure followed by petitioner and the court in granting poor person relief to initiate the proceeding satisfies both of these requirements.
Accordingly, respondent’s motion to vacate this court’s order of May 26, 1978, is denied.