OPINION OF THE COURT
Bernard F. McCaffrey, J.
On the court’s own motion the memorandum decision dated April 23, 1980 is amended to read as follows: The novel issue presented in this matter involves whether the plaintiff, who is indigent but not suing as a poor person, must comply with the strict provisions of CPLR 308 even though such compliance would effectively preclude her from access to the court.
Thus, the plaintiff in a matrimonial action seeks an ex parte order directing service of a summons and complaint by ordinary mail at defendant’s place of business and by registered and ordinary mail at defendant’s home address, both located in Italy, upon the grounds that service upon the defendant herein, pursuant to subsdivisions 1, 2 and 4 of CPLR 308, is impracticable.
*377 The facts of the case are as follows: Plaintiff was born and grew up in New York; she married defendant in Rome, Italy, in April, 1975. In March of 1976 plaintiff with her infant son returned to New York to visit her parents. The visit was intended to be for a three to six week duration, but became extended because of the ill health of plaintiff’s father. In July of that year plaintiff’s father died and, as a consequence, plaintiff’s visit was extended, as plaintiff did not wish to immediately leave her mother under the circumstances. During this time the defendant’s alleged indifference to plaintiff and their child, his alleged lack of concern and interest and his failure to provide plaintiff with transportation back to Italy, and his alleged failure to provide support and medical treatment to plaintiff and their child have taken their toll on the marriage of plaintiff and defendant, and plaintiff now seeks to bring an action against defendant for a judgment of divorce, or in the alternative, a judgment of separation.
The plaintiff has received a total of $90 from defendant since March of 1976. She and her son live with plaintiff’s mother rent free in the house that plaintiff’s mother owns. Plaintiff’s mother is over 65; she has not worked since before plaintiff was born in 1949 and lives solely on the pension and Social Security income of her deceased husband (plaintiff’s father), and is unable to provide plaintiff with additional support, although she does help plaintiff with food. The plaintiff works parttime as a waitress and allegedly earns approximately $3,140 per annum. The plaintiff is represented in this action by her sister, an attorney, who is rendering her services without fee.
In support of her motion the plaintiff documents rather clearly that the expense of obtaining personal service upon the defendant in Italy will cost a minimum of $500 and up to $1,000. It is further contended in the papers submitted that the defendant may avoid efforts to serve him personnally, which will effect the costs of service. As illustrated above, the plaintiff appears to be unable to pay fees necessary to effect personal service. For this reason the plaintiff contends that personal service upon the defendant is impracticable and cannot be made by delivering a summons and complaint to him within the purview of subdivisions 1, 2 and/or 4 of CPLR 308 and, therefore, an order of the court is sought to allow an alternative method of service to be made pursuant to subdivision 5 of CPLR 308.
*378 CPLR 308 (subd 5) provides in pertinent part that personal service upon a natural person shall be made in such manner as the court, upon motion without notice, directs, if service is impracticable under subdivisions 1, 2 and 4 of this section.
There is no doubt, considering section 232 of the Domestic Relations Law with CPLR 308 as it presently exists, that the provisions of CPLR 308 (subd 5) apply to matrimonial actions (Deason v Deason, 73 Misc 2d 964); however, a court may resort to CPLR 308 (subd 5) in a matrimonial action only if service is impracticable under subdivisions 1, 2 and 4. (See 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.18.)
The plaintiff urges that direct mailing to defendant’s residence by registered and ordinary mail in Rome and to his employer’s address by ordinary mail are viable alternatives to personal service, and that such a method will provide the defendant with the notice and opportunity to be heard that due process requires. (See Dobkin v Chapman, 21 NY2d 490.) Further, plaintiff contends this will provide better notice than service by publication (see Deason v Deason, supra). In any event, this is not a case for publication.
In Dobkin v Chapman (supra) and Deason v Deason (supra) some effort to have been made to effect personal service under either subdivisions 1, 2 and/or 4, but to no avail, and so service under those methods was found impracticable for reasons other than economics. Now, the question is does a showing that one is so indigent so as to be unable to effect personal service by subdivisions 1, 2 and/or 4 of CPLR 308 qualify for consideration under subdivision 5 of the CPLR? This court is of the belief that under certain unique circumstances one might so qualify.
The word "impracticable” is used in the statute and the dictionary defines "impracticable” as "incapable of being performed”, "infeasible (economically)”, "unwise”, "imprudent”. (Webster’s Third New International Dictionary.)
The Court of Appeals in construing CPLR 308 (subd 5) has told us that, if the statutory provision for personal service upon a natural person "in such manner as the court, upon motion without notice, directs, if service is impracticable” under other paragraphs is to be meaningful, the court’s discretion under it must be broad. (Dobkin v Chapman, 21 NY2d 490, supra.)
It has been found that, in view of the basic position of the marriage relationship in our society and the State monopoliza *379 tian of the means for dissolving that relationship, due process of law prohibits a State from denying solely because of inability to pay court fees and costs, access to the court to indigents who, in good faith, seek judicial dissolution of their marriage (Boddie v Connecticut, 401 US 371). In other words, the Supreme Court of the United States has recognized that, where a State has a monopoly or the means by which a right may be exercised, the Constitution requires that indigents be afforded an opportunity to exercise that right without cost. (City of New York v Wyman, 66 Misc 2d 402.) Put still another way, the effect of indigency may be denial of access to the court. (Deason v Deason, 32 NY2d 93.) This denial the court should not allow.
This court is of the opinion that costs or economics can make service under subdivisions 1, 2 or 4 of CPLR 308 impracticable within the meaning of the statute, and that such is the case in the peculiar facts presented to this court in the case at hand. In Boddie v Connecticut (supra) it was shown that the court was dealing with welfare recipients whose income barely sufficed to meet the costs of the daily essentials of life, which included no allotment that could be budgeted for the expense to gain access to the courts in order to obtain a divorce. The plaintiff herein, although not technically on welfare, appears no better off financially. Alternatively, of course, plaintiff, if she proceeded as a poor person, could have the State or county absorb the costs involved here, but that does not really appear to be a practicable solution to the problem. Rather, the rationale of the Boddie case coupled with the broad liberality suggested in the Dobkin case seems the better solution.
It should be noted that CPLR 308 (subd 5) is purely a notice statute (see Prince v Prince, 69 Misc 2d 410; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 308:5, p 212), and the plaintiff in this action seeks only to effect the marital res and requests alternative service pursuant to subdivision 5 of CPLR 308 in order to fulfill the notice portion of the jurisdiction requirements of notice and basis. She does not seek any support or financial compensation from the defendant who is beyond the court’s jurisdiction for these purposes; the basis for jurisdiction being the marital res which is in New York State by virtue of plaintiff having lived here for more than two years prior to this action.
*380 What is involved here is a denial to the plaintiff of access to the courts because of the prohibitive costs in service of process by any method other than that proposed by plaintiff. Under the circumstances plaintiff is entitled to an order permitting service upon defendant of a summons and complaint pursuant to subdivision 5 of CPLR 308, in the manner requested.